# UNITED STATE MIDDLE DISTRICT FLORIDA

## CIVIL DIVISION

### GEORGE C. YOUNG FEDERAL ANNEX COURTHOUSE

## (((((((((((((((((()))))))))))))))))))

### HARRIS, PATRICIA J.

### COMPLAINTANT DEMAND FOR JURY TRIAL

| | |
|---|---|
| **HARRIS, PATRICIA JACQUELINE** | ) |
| **VICTORY RE-ENTRY WOMEN CENTER INC**<br>**c/o JACQULINE HARRIS** | )<br>) |
| **VS** | ) |
| **TYLER WIGGINS in his official capacity as U.S Highway Trooper** | ) |
| Smuggling /theft KIA SOL by Wiggins Tyler badge # 4961 highway patroller | ) |
| **F.T SICILIA INC.** 2064 N. Wickham Road Melbourne, Florida 32935<br>(321) 254-1881; AHKIBRE Case Number 05-**2023Cf-034954 896-27267;** | |
| **AUTOMOBLE TOW CASE # FHP23ON0317618** | |
| Phil Archer Brevard County State Attorney SHERIFF WAYNE IVEY, | ) |
| his official capacity as Sheriff of the | ) |
| Brevard County Sheriff's Department; DEPUTIES FOIA CAMERA FOOTAGE, | ) |
| **SHERIFF WAYNE IVEY (IVEY) & Brevard County Detention Center**<br>**860 Camp Road Sharpes Florida 32959**<br>**c/o WAYNE IVEY, KELLY HAMAN, GEORGE FAYSON, RICHARD ZIMMERMAN, ROBERT WAGNER, JR., FREDDY CEDENO, ALLISON BLAZEWICZ, DEBORA NADEAU, AYANNA ROBINSON, YOLANDA JONES and ARMOR CORRECTIONAL HEALTH SERVICES INC.** | ) |

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States .. Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

Department of Transportation: Department of Motor Vehicle:
c/o Transportation Code – TRANSP § 502.003. Registration by Political Subdivision Prohibited

**District Judge:** _____/**chief United States or**_____-
_____

**Deputy Angela E. Noble:**_____**New Case**_____
**number:**_____ **George C Young Federal Annex Courthouse, 401 West Central Boulevard Orland Florida 32801**

{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{{(((((())))))))))))))))))))))))))))))))))))))))))))))))))))))))))))))))))}}}}}}}{{{{{{{{{{{{{{

**Case No.**_____

## COMPLAINT FOR DAMAGES AT RIGHT TO TRAVEL – Jury Trial Demanded

**PLELIMIRARY STATEMENT**

Patricia Jacqueline Harris and Victory Re–Entry Woman Center Inc /O Jacqueline Harris enjoin sues, the Defendants, TYLER WIGGINS United STATES HIGHWAY TROOPER, DUPUTIES ON CAMERA FOOTAGE, DEPUTY MITCHELL, and SHERIFF WAYNE IVEY (IVEY) and alleged. Smuggling /theft KIA SOL by Wiggins Tyler badge # 4961 highway patroller conspired DANNY SICIOIA with **F.T SICILIA INC.** (DANNY) individual capacity. AHKIBRE Case Number 05–2023Cf–034954

### 896–27267: AUTOMOBLE TOW CASE # FHP23ON0317618

This action arises from the wrongful arrest of Plaintiff by This action arises from the wrongful arrest of Plaintiff: harris–patricia©: el Ali bey; jacqueline–harris by TYLER WIGGINS United STATES HIGHWAY TROOPER. Defendants with aiding and abetting conspiracy wrongful arrest alonges side SHERIFF WAYNE IVEY (IVEY). Smuggling /theft, auction KIA SOL( 5813 ) by Wiggins Tyler badge # 4961 highway patroller conspired with **F.T SICILIA INC.** (DANNY) individual capacity. No criminal Investigation had taken place to date. The KiA SoL_(5813) had never been opened physically for any inspection by the conglomerate business group. Financial terrorism  and financial rape had taken place A KIA SOL (5813)_had been monopolized for profit with the implied consent at Brevard County Sheriff  Phil Archers – State of Florida, Corp. State of Florida Inc . An active unjust, wrong imprisonment by Brevard Detention Center Sharpe Florida Employees , public servants **WAYNE IVEY, KELLY HAMAN, GEORGE FAYSON, RICHARD ZIMMERMAN, ROBERT WAGNER, JR., FREDDY CEDENO, ALLISON BLAZEWICZ, DEBORA NADEAU, AYANNA ROBINSON, YOLANDA JONES and ARMOR CORRECTIONAL HEALTH SERVICES INC.** Le the international financial be WAYNE IVEY, KELLY HAMAN, GEORGE FAYSON, RICHARD ZIMMERMAN, ROBERT WAGNER, JR., FREDDY CEDENO, ALLISON BLAZEWICZ, DEBORA NADEAU, AYANNA ROBINSON, YOLANDA JONES and ARMOR CORRECTIONAL HEALTH SERVICES INC Brevard County Detention center aware had taken place which includes a appearance bond in a made up name, wrong name instruments.

Transfer of the venue and location from CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT FORM BEVARD COURT FLORIDA 2825 Judge Fran Jamieson Way Melbourne FL 32940 has superseded in part by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112–63, 125 Stat. 758. Following this revision, § 1404(a) now permits a district court to transfer an action to UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA CIVIL DIVISION & DEMAND AT JURY TRAIL VERDICT I am demanding chancellor of equity who demands.

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

This is true even if the plaintiff initiates the transfer. *See* **Ferens v. John Deere Co.**, 494 U.S. 516, 525 (1990). In federal question cases, lower courts generally agree that "transferee courts are obligated to follow their own interpretation of the relevant law," **Murphy v. FDIC**, 208 F.3d 959, 965 (11th Cir. 2000), although they may give the law of the transferor court "close consideration." **In re Korean Air Lines Disaster**, 829 F.2d 1171, 1176 (D.C. Cir. 1987), *aff'd on other grounds sub nom.* Chan v. Korean Air Lines, Ltd., 490 U.S. 122, (1989).

**Brevard county Florida trustee and prosecutors, insurance companies have their immunities extinguished & removed. As pass holders financial interest be impounded absolute because from June 17, 2023 and all future cases alleged at :patricia-harris©:  be dismissed present day which totally lack subject-matter or personal jurisdiction in criminal case. r G.S. 15A-147, the identity theft expunction provision. Case Number 6:22-CV-00003,**

The damages sought in this action exceed $75,000, $450,000,000.00 united states silver. gold back dollars include of interest, costs, and includes attorney's fees $450,000.00

 The § 768.28 Notice of Claim has been forwarded, served

Defendants and related entities. Case: 05-2023-CF-0349-AXXX-XX; 2023. ; AHKIBRE Case Number 05-**2023Cf-034954**

  **896-27267; AUTOMOBLE TOW CASE # FHP23ON0317618**

Venue is proper in the Middle District of Florida because the wrongful arrest of: PATRICIA-JACQUELINE HARRIS©: occurred in Brevard County, Florida.

This District Court has jurisdiction over the state law claims $450,000.00United States gold or silver gold back dollars asserted herein, and it also has concurrent jurisdiction over the federal claims for violations of :PATRICIA-JACQUELINE HARRIS©: Civil Rights asserted herein. Preservation of the presumption of innocence Patricia J. Harris©.  Florida Brevard county contract continues to denying harris: a jury trial with her witnesses.  Most states adopted language in their constitutions that explicitly guarantees bail and: patricia-harris©:  grantees fair jury trial; without such trickery of medical examination.; she continues to be denied, by attempted theft of her substantive  and alienable rights. Therefore United States District court venue is proper.

The Court has both personal jurisdictions over the defendants and subject matter jurisdiction to hear Plaintiff's claims herein is over.

## PARTIE ADMINSITRATIVE PROCEEDINGS:

A. Patricia© Witnesses – Let the court of records be What witness for :patricia-harris©:had been at the park that day with?

Let the witness come forth? Neighborhood Mark and his wife (321) 795-4358 June 17, 2023 8:52 PM; Mark Imperial Towing 321-243-5407. See Subpoena.

B. HARRIS, PATRICIA JACQUELINE  . VICTORY RE-ENTRY WOMEN CENTER INC
c/o JACQULINE HARRIS, Community Services Co;  North American United States International. Contacts Aerospace Avionic Computer Business Information System Career: Associate Canadian Degree: Aircraft credits from Wings & Federal Aviation Association.

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

## DEFENDANTS

TYLER WIGGINS in his official capacity as U.S Highway Trooper Smuggling /theft KIA SOL by Wiggins Tyler badge # 4961 highway patroller; DANNY F.T SICILIA INC. 2064 N. Wickham Road Melbourne, Florida 32935 (321) 254-1881). . Against All Defendants. "DANNY"and WIGGNS' 860 Camp Road Sharpes Florida 32959
 c/o WAYNE IVEY, KELLY HAMAN, GEORGE FAYSON, RICHARD ZIMMERMAN, ROBERT WAGNER, JR., FREDDY CEDENO, ALLISON BLAZEWICZ, DEBORA NADEAU, AYANNA ROBINSON, YOLANDA JONES and ARMOR CORRECTIONAL HEALTH SERVICES INC. Phil Archer Brevard County State Attorney2725 Judge Fran Jamieson Way Melbourne, Florida, 32940; Phone: 321-617 7510; Fax: 321-617-7542 at all times relevant to this action were acting under color of state law.

Department of Transportation: Department of Motor Vehicle: FLORIDA Transportation Code - TRANSP § 502.003. Registration by Political Subdivision Prohibited

Current as of April 14, 2021 Updated by:

 (a)  Except as provided by Subsection (b), a political subdivision of this state may not require an owner of a motor vehicle to:

(1)  Register the vehicle; no registration

(2)  pay no motor vehicle registration fee;  or

(3)  pay no  occupation tax or license fee in connection with a motor vehicle.

(b)  This section does not affect the authority of a municipality to:

(1)  license and regulate the use of motor vehicles for BUSINESS compensation within the municipal limits;  and

(2)  impose a permit fee or street rental charge for the operation of each motor vehicle used to transport UBER, LIFT DRIVER; TAXI; BUS DRIVER; business passengers for compensation, other than a motor vehicle operating under a registration certificate from the department or a permit from the federal Surface Transportation Board.

(c) Contractor.   A fee or charge under Subsection (b) may not exceed two percent of the annual gross receipts from the vehicle.

(d)  This section does not impair the payment provisions of an agreement or franchise between a municipality and the owners or operators of motor vehicles used to transport passengers for compensation.

 Phil Archer Brevard County State Attorney. Office of the State Attorney vs: PATRICIA-JACQULINE HARRIS©:- Phil Archer Brevard County State Attorney 2725 Judge Fran Jamieson Way Melbourne, Florida, 32940; Phone: 321-617-7510; Fax: 321-617-7542 SHERIFF WAYNE IVEY, in his official capacity as Sheriff of the )

Brevard County Sheriff's Department; DEPUTIES FOIA CAMERA FOOTAGE SHERIFF WAYNE IVEY (IVEY) & Brevard County Detention Center 860 Camp Road Sharpes Florida 32959 ) c/o George Fayson; Richard Zimmerman; Robert Wagner; Freddy Ceteno; )Alison Blazewicz-Nadeo;) Ayana Robertson Yolanda Jones.

. An active unjust, wrong imprisonment by Brevard Detention Center Sharpe Florida Employees , public servants **WAYNE IVEY, KELLY HAMAN, GEORGE FAYSON, RICHARD ZIMMERMAN, ROBERT WAGNER, JR., FREDDY CEDENO, ALLISON BLAZEWICZ, DEBORA NADEAU, AYANNA ROBINSON, YOLANDA JONES and ARMOR CORRECTIONAL HEALTH SERVICES INC. Le the international financial be WAYNE IVEY, KELLY HAMAN, GEORGE FAYSON, RICHARD ZIMMERMAN, ROBERT WAGNER, JR., FREDDY CEDENO, ALLISON BLAZEWICZ, DEBORA NADEAU,**

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

**AYANNA ROBINSON, YOLANDA JONES and ARMOR CORRECTIONAL HEALTH SERVICES INC Brevard County Detention center aware had taken place which includes  appearance bond in a made up name, wrong name instruments.**

## Notice of Claim $75,000.00, Florida§ 768.28. & KIA SOL Claim $450,000 United States silver or gold back dollars, Wrongful Imprisonment Unite States, Statement of Claims.

### COMPLAINT Jury Demand 1.

June 17 2023 This action seeks money damages because of a county deputy sheriff's participation in private parties' wrongful deprivation of Plaintiff's property. Plaintiff alleges that all of the Defendants acted under color of state law and violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. Plaintiff also brings two state law claims pursuant to this Court's supplemental jurisdiction. Transported her to the Brevard County Detention Center. The warrantless arrest of Plaintiff without arguable probable cause violated Plaintiff's Fourth Amendment rights.
 The facts and circumstances within Defendant's knowledge, assuming he had reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.
 A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

 The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

### COUNT II – SECTION 1983 FAILURE TO PROTECT CLAIM AGAINST DEPUTIE -

The Plaintiff re–alleges each and every allegation as set forth in the factual allegations in counts.

 Defendant, DUPUTIES, in failing to prevent the unlawful arrest of Plaintiff when he was in a time and place when he could have done so deprived Plaintiff of his constitutional rights under Fourteenth Amendment of the Constitution of the United States.

34. Defendant, HANNON, was present for the duration of the detention of Plaintiff and was aware there was not even arguable probable cause to arrest Plaintiff.

35. As a direct and proximate result of the conduct of Defendant, WIGGINS.

 Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings. Case: citation AHKIBRE Case Number 05–2023Cf–034954 896–27267; AUTOMOBLE TOW CASE # FHP23ON0317618.

### Jurisdiction

 2. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over Plaintiff's second and third claims, which are based on state law, under 28 U.S.C. § 1367. : patricia–j harris–el Ali bey.

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

## COUNT I – SECTION 1983 FALSE ARREST CLAIM AGAINST DEPUTITES

Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs above, and further alleges: even if he/she posts bond.

Plaintiff, : PATRICIA-JACQUELINE HARRIS©:, was unlawfully detained pursuant to the Sheriff's hold policy, which violates the Fourth Amendment because it requires continued detention even where, as here, there is no probable cause for such detention. 40. The "hold policy" was the "moving force" behind the injury.

As a direct and proximate result of the aforementioned actions and omissions of IVEY, Plaintiff, : PATRICIA-JACQUELINE HARRIS©:'S constitutional rights, alienable rights were violated and Plaintiff suffered injuries and damages. 42. As a direct and proximate result of the conduct of Defendant, IVEY, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings

Plaintiff was unlawfully seized by Defendant, TYLER WIGGINS, through the intentional confinement of Plaintiff when Defendant placed him in handcuffs, in the back of his trooper patrol car, and

3. Venue in the United States District Court for the [name of district and division] is proper pursuant to 28 U.S.C. § 1391.

4. Plaintiff [name] is an individual who resides at [address].

5. Defendant of _____, is a company principally engaged in the Business of auctioning, automobiles motor vehicles and has its principal place of business in [city, state]. It acted in concert with the other Defendants in the wrongful taking of Plaintiff's vehicle.

6. Defendant John Repo is an employee of Secured Creditor. At all times mentioned herein, Smuggling /theft, auction sale KIA SOL( 5813 ) he acted both on his own and at the direction of Defendant Secured Creditor and in concert with the other Defendants.

7. Defendant Deputy is a deputy sheriff employed by [name of county and state]. At all times relevant hereto he Smuggling /theft, auction KIA SOL( 5813 )acted and in concert with the other Defendants and under color of state law. He is sued both in his official and individual capacity.

8. Defendant County is the local governmental unit for which Defendant Deputy worked at all times relevant hereto.

The damages are continuing to this day$450,000.00 United States silver dollars and are likely to continue in the future as they are permanent in nature.

## STATE LAW CLAIMS COUNT IV – STATE LAW FALSE ARREST AGAINST TYLER WIGGINS BAD FAITH, WILLFUL AND WANTON)

The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts.

At all times relevant herein, Defendant, ........, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement. Defendant TYLER WIGGINS, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts and Smuggling /theft, auction KIA SOL( 5813 ). The Defendant, TYLER WIGGINS, actions were unreasonable and unwarranted under the circumstances.

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` **\United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States** . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

As a direct and proximate result of the conduct of Defendant, TYLER WIGGINS, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation. The damages$450,000.00 united states silver dollar are continuing to this day and are likely to continue in the future as they are permanent in nature.

## COUNT V FALSE ARREST – DEFENDANT, IVEY (COURSE AND SCOPE OF EMPLOYMENT) . Case: citation AHKIBRE Case Number 05-**2023Cf-034954 896-27267; AUTOMOBLE TOW CASE # FHP23ON0317618.**

The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 25. 49.

DETENTION Center: Defendant, TYLER WIGGINS, actions in holding Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false imprisonment, which is actionable against Defendant, IVEY.

The Defendant, TYLER WIGGINS, knew or had the opportunity to know, June 17 thu 18th 2022 – 4 hours driving her around Brevard County sea coast: PATRICIA-JACQULINE HARRIS©, JACQULINE-HARRIS© and should have known, the false imprisonment of Plaintiff was without legal justification.

Alternatively to Count IV, the actions of Defendant, TYLER WIGGINS, were performed in the course and scope of his employment with the Brevard County Sheriff's Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

As a direct and proximate result of the acts of Defendant, TYLER WIGGINS, Plaintiff was detained, confined in a police cruiser, brought to jail, booked and incarcerated all resulting in him being forced to suffer mental anguish, loss of capacity for the enjoyment of life, lost wages, loss of employment, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

IVY - . Defendant, TYLER WIGGINS's, conduct is actionable against Defendant, IVEY, pursuant to § 768.28, Fla. Stat. (2016). As a direct and proximate result of the aforementioned actions and omissions of TYLER WIGGINS, Plaintiff, PATRICIA-JACQULINE HARRIS©, JACQULINE-HARRIS©, suffered injuries and damages.

Plaintiff seeks recovery from IVEY of all damages to which he may be entitled under state law for the injuries and damages he sustained and which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, . Case: citation AHKIBRE Case Number 05-**2023Cf-034954 896-27267; AUTOMOBLE TOW CASE # FHP23ON0317618.** and loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

## COUNT VI – STATE LAW FALSE ARREST AGAINST HANNON (BAD FAITH, WILLFUL AND WANTON)

The Plaintiff re-alleges each and every allegation as set forth in the factual allegations. At all times relevant herein, Defendant, TYLER WIGGINS, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.
Defendant, TYLER WIGGINS, aided and abetted in the false arrest of Plaintiff. Defendant participated by the mere acquiescence to the arrest. 58. Defendant, TYLER WIGGINS, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts. 59. The Defendant, TYLER WIGGINS's, actions were unreasonable and unwarranted under the circumstances. 60. As a direct and proximate result of the conduct of Defendant, TYLER WIGGINS, Plaintiff suffered damages which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \**United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . .** Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

The damages are continuing to this day and are likely to continue in the future as they are permanent in nature. COUNT VII FALSE ARREST – DEFENDANT, IVEY (COURSE AND SCOPE OF EMPLOYMENT). Case: citation AHKIBRE Case Number 05–2023Cf–034954 896–27267; AUTOMOBLE TOW CASE # FHP23ON0317618. The Plaintiff re–alleges each and every allegation as set forth in the factual allegations in counts

Defendant, TYLER WIGGINS, actions in holding Plaintiff against his will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false imprisonment, which is actionable against Defendant, IVEY.

The Defendant, TYLER WIGGINS, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification. 64. Alternatively to Count VI, the actions of Defendant, HANNON, were performed in the course and scope of his employment with the Brevard County Sheriff's Department and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.
As a direct and proximate result of the acts of Defendant, HANNON, Plaintiff was detained, confined in a police cruiser, brought to jail, booked and incarcerated all resulting in him being forced to suffer mental anguish, loss of capacity for the enjoyment of life, lost wages, loss of employment, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.
Defendant, TYLER WIGGINS's, conduct is actionable against Defendant, IVEY, pursuant to § 768.28, Fla. Stat. (2016).

As a direct and proximate result of the aforementioned actions and omissions of TYLER WIGGINS, Plaintiff, PATRICIA–JACQULINE HARRIS©, JACQULINE–HARRIS©, suffered injuries and damages. Plaintiff seeks recovery from IVEY of all damages to which he may be entitled under state law for the injuries and damages he sustained and which include mental anguish, loss of capacity for the enjoyment of life, loss of employment, lost wages, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, . Case: citation AHKIBRE Case Number 05–2023Cf–034954 896–27267; AUTOMOBLE TOW CASE # FHP23ON0317618. loss of reputation. The damages are continuing to this day and are likely to continue in the future as they are permanent in nature.

## Facts

On or about [date: 08/29/2022, Plaintiff purchased a 2012 and KIA SOL model of automobile, and automobile Identification number (VIN –xxxxxxxxC7415813] for personal and family use from [name of dealer: TROPICAL MOTORS – 1501 WEST COCCOA 32922. Plaintiff ALLODIAL – MCO purchase in full through Defendant PATRICIA–JACQULINE HARRIS©, JACQULINE–HARRIS©. The  Plaintiff Secured Creditor ss a result of this transaction.
Plaintiff became the owner of the automobile and Plaintiff PATRICIA–JACQULINE HARRIS©, JACQULINE–HARRIS© Secured Creditor acquired a security Interest in it.

---

Legal Basics for Towing in Florida

Anyone towing a vehicle in Florida without the consent of the owner must strictly comply with the requirements of Fla. Stat. § 715.07. This law only applies to non–consensual towing from private property, not to towing requested by the police. *Id.* at (3). With that said, the statute imposes several requirements on tow company operators. These requirements are the minimum standards in Florida and the law does not preclude enactment of additional regulations by any municipality or county. Fla. Stat. § 715.07(2)(b). For example, the amount tows trucks can charge are often regulate rates set at the city or county level.

Prior Notice to Vehicle Owner

For the towing to be lawful, there must be a notice posted meeting several requirements. Fla. Stat. § 715.07(2)(a)(5). The notice must be prominently placed on the property. *Id.* at (a). The notice must clearly indicate that unauthorized vehicles will

---

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. `\United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

be towed away at the owner's expense. *Id.* at (b). The words "tow-away zone" must be included on the sign. *Id.* The notice must also provide the name and current telephone number of the person or firm towing or removing the vehicles. *Id.* at (c).

Provided the proper notice is posted, a business owner may authorize the removal of a vehicle by a towing company when the vehicle "is parked in such a manner that restricts the normal operation of business." Fla. Stat. § 715.07(2)(a)(5). The person authorizing tows cannot be paid by the tow company. *Id.* at (a)(4). The tow company also cannot pay the property owner for the privilege of towing. *Id.*

There is always an exception. Even if there is no posted tow-away zone sign, if a vehicle parked on a public right-of-way, obstructs access to a private driveway, the owner may have a towing company remove the vehicle by signing an order that the vehicle be removed. Fla. Stat. § 715.07(2)(a)(5).

12. On or about [date June 17, - June 18th 2023, Defendants with aiding and abetting conspiracy wrongful arrest alonges side SHERIFF WAYNE IVEY (IVEY). Smuggling /theft, auction KIA SOL( 5813 ) by Wiggins Tyler badge # 4961 highway patroller conspired with **F.T SICILIA INC**. (DANNY) individual capacity. No criminal Investigation had taken place to date. The KiA SoL_(5813) had never been opened physically for any inspection by the conglomerate business group.  Without permissible purpose and without consent went to JORGENSEN PARK at [address], in

Response to a request WIGGINS TYLER 'DANNY" **F.T SICILIA INC**. (DANNY) individual capacity against Secure parties Secured Creditor to repossess Plaintiff's automobile. Maryland Secretary of State XXXXXX1457001 securities, secure party creditor, priority lien.

PATRCIA-JACQULINE HAD refused Plaintiff refused to allow Defendant Defendants with aiding and abetting conspiracy wrongful arrest alonges side SHERIFF WAYNE IVEY (IVEY). Smuggling /theft, auction KIA SOL 5813 by Wiggins Tyler badge # 4961 highway patroller conspired with **F.T SICILIA INC**. (DANNY) individual capacity. No criminal Investigation had taken place to date. The KiA Sol (5813) had never been opened physically for any inspection by the conglomerate business group.  to repossess the automobile:

15 U.S. Code § 1681q
https://**www.law.cornell.edu/usc**ode/text/**15/1681q** Any person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses shall be fined under **title** 18, imprisoned for not more than 2 years, or both. **F.T SICILIA INC**. (DANNY) individual capacity.

18 U.S. Code § 1028 - Fraud and related activity in connection with identification documents, authentication features, and information:

14. June 17m 2023 8:45PM – June 18, 2023 When Plaintiff refused  TYLER WIGGINS THE FINANCIIAL " TRANSACTION " financial rape of her automobile on camera Not allowed repossession of the 20212 KIA SOL 5813.

While :PATRICIA-HARRIS: reversionary trust interest title 12USC 95 (a) 2012 KIA SOL self assurance1099A; REMAINED Brevard Detention Center, Once in possession of automobile "DANNY" convinced khat© family "offspring" to allow 'himself "DANNY" agent in commerce "28 USC 1746(1) coercion that automobile must be sold bye August 31 2023.

When the off-spring contacted the Wayne Ivy Office Detention Center, the automobile should had been immediately release 2022 KIA SOL xxx5813. To "PATRICIA" offspring. Taking advantage of the emotions her general family.

(a)Whoever, in a circumstance described in subsection (c) of this section—

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \**United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States** . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

(1) knowingly and without lawful authority produces an identification document, authentication feature, or a false identification document;

(2) knowingly transfers an identification document, authentication feature, or a false identification document knowing that such document or feature was stolen or produced without lawful authority;

(3) knowingly possesses with intent to use unlawfully or transfer unlawfully five or more identification documents (other than those issued lawfully for the use of the possessor), authentication features, or false identification documents;

(4) knowingly possesses an identification document (other than one issued lawfully for the use of the possessor), authentication feature, or a false identification document, with the intent such document or feature be used to defraud the United States;

(5) knowingly produces, transfers, or possesses a document-making implement or authentication feature with the intent such document-making implement or authentication feature will be used in the production of a false identification document or another document-making implement or authentication feature which will be so used;

(6) knowingly possesses an identification document or authentication feature that is or appears to be an identification document or authentication feature of the United States or a sponsoring entity of an event designated as a special event of national significance which is stolen or produced without lawful authority knowing that such document or feature was stolen or produced without such authority;

(7) knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person with the intent to commit, or to aid or abet, or in connection with, any unlawful activity that constitutes a violation of Federal law, or that constitutes a felony under any applicable State or local law; or

(8) knowingly traffics in false or actual authentication features for use in false identification documents, document-making implements, or means of identification;

shall be punished as provided in subsection (b) of this section.

(b) The punishment for an offense under subsection (a) of this section is—

(1) except as provided in paragraphs (3) and (4), a fine under this title or imprisonment for not more than 15 years, or both, if the offense is—

(A) the production or transfer of an identification document, authentication feature, or false identification document that is or appears to be—

(i) an identification document or authentication feature issued by or under the authority of the United States; or

(ii) a birth certificate, or a driver's license or personal identification card;

(B) the production or transfer of more than five identification documents, authentication features, or false identification documents;

(C) an offense under paragraph (5) of such subsection; or

(D) an offense under paragraph (7) of such subsection that involves the transfer, possession, or use of 1 or more means of identification if, as a result of the offense, any individual committing the offense obtains anything of value aggregating $1,000 or more during any 1-year period;

(2) except as provided in paragraphs (3) and (4), a fine under this title or imprisonment for not more than 5 years, or both, if the offense is—

(A) any other production, transfer, or use of a means of identification, an identification document,,[1] authentication feature, or a false identification document; or

(B) an offense under paragraph (3) or (7) of such subsection;

(3) a fine under this title or imprisonment for not more than 20 years, or both, if the offense is committed—

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

(A)to facilitate a drug trafficking crime (as defined in section 929(a)(2));
(B)in connection with a crime of violence (as defined in section 924(c)(3)); or

(C)after a prior conviction under this section becomes final;
(4)a fine under this title or imprisonment for not more than 30 years, or both, if the offense is committed to facilitate an act of domestic terrorism (as defined under section 2331(5) of this title) or an act of international terrorism (as defined in section 2331(1) of this title);
(5)in the case of any offense under subsection (a), forfeiture to the United States of any personal property used or intended to be used to commit the offense; and

(6)a fine under this title or imprisonment for not more than one year, or both, in any other case.
(c)The circumstance referred to in subsection (a) of this section is that—
(1)the identification document, authentication feature, or false identification document is or appears to be issued by or under the authority of the United States or a sponsoring entity of an event designated as a special event of national significance or the document-making implement is designed or suited for making such an identification document, authentication feature, or false identification document;
(2)the offense is an offense under subsection (a)(4) of this section; or

(3)either—
(A)the production, transfer, possession, or use prohibited by this section is in or affects interstate or foreign commerce, including the transfer of a document by electronic means; or
(B)the means of identification, identification document, false identification document, or document-making implement is transported in the mail in the course of the production, transfer, possession, or use prohibited by this section.
(d)In this section and section 1028A—
(1)the term "authentication feature" means any hologram, watermark, certification, symbol, code, image, sequence of numbers or letters, or other feature that either individually or in combination with another feature is used by the issuing authority on an identification document, document-making implement, or means of identification to determine if the document is counterfeit, altered, or otherwise falsified;

(2)the term "document-making implement" means any implement, impression, template, computer file, computer disc, electronic device, or computer hardware or software, that is specifically configured or primarily used for making an identification document, a false identification document, or another document-making implement;

(3)the term "identification document" means a document made or issued by or under the authority of the United States Government, a State, political subdivision of a State, a sponsoring entity of an event designated as a special event of national significance, a foreign government, political subdivision of a foreign government, an international governmental or an international quasi-governmental organization which, when completed with information concerning a particular individual, is of a type intended or commonly accepted for the purpose of identification of individuals;

(4)the term "false identification document" means a document of a type intended or commonly accepted for the purposes of identification of individuals that—

(A)is not issued by or under the authority of a governmental entity or was issued under the authority of a governmental entity but was subsequently altered for purposes of deceit; and
(B)appears to be issued by or under the authority of the United States Government, a State, a political subdivision of a State, a sponsoring entity of an event designated by the President as a special event of national significance, a foreign government, a political subdivision of a foreign government, or an international governmental or quasi-governmental organization;

(5)the term "false authentication feature" means an authentication feature that—

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

(A)is genuine in origin, but, without the authorization of the issuing authority, has been tampered with or altered for purposes of deceit;

(B)is genuine, but has been distributed, or is intended for distribution, without the authorization of the issuing authority and not in connection with a lawfully made identification document, document-making implement, or means of identification to which such authentication feature is intended to be affixed or embedded by the respective issuing authority; or

(C)appears to be genuine, but is not;

(6)the term "issuing authority"—

(A)means any governmental entity or agency that is authorized to issue identification documents, means of identification, or authentication features; and

(B)includes the United States Government, a State, a political subdivision of a State, a sponsoring entity of an event designated by the President as a special event of national significance, a foreign government, a political subdivision of a foreign government, or an international government or quasi-governmental organization;

(7)the term "means of identification" means any name or number that may be used, alone or in conjunction with any other information, to identify a specific individual, including any—

(A)name, social security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;

(B)unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(C)unique electronic identification number, address, or routing code; or

(D)telecommunication identifying information or access device (as defined in section 1029(e));

(8)the term "personal identification card" means an identification document issued by a State or local government solely for the purpose of identification;

(9)the term "produce" includes alter, authenticate, or assemble;

(10)the term "transfer" includes selecting an identification document, false identification document, or document-making implement and placing or directing the placement of such identification document, false identification document, or document-making implement on an online location where it is available to others;

(11)the term "State" includes any State of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any other commonwealth, possession, or territory of the United States; and

(12)the term "traffic" means—

(A)to transport, transfer, or otherwise dispose of, to another, as consideration for anything of value; or

(B)to make or obtain control of with intent to so transport, transfer, or otherwise dispose of..

    .

17. Defendants WIGGINS TYLE, **F.T SICILIA INC.** (DANNY) individual capacity DID NOT HAVE the right to repossess the automobile. June 17th 2023 on around 8L45 PM thu 11:45 PM Plaintiff locked inside WIGGINS public caged car. ihand cuffed of no choice, without speaking to "DANNY:, NEVER GAVE Defendant DANNY ANY permissible purpose to tow or possession of her automobile to take outside of Grand Volkeria Korgensen Landing Parks and Recreation.

18. Defendant **F.T SICILIA INC.** (DANNY) individual capacity did not have a court order permitting repossession: PATRICIA JACQUELINE -HARRIS automobile.

19. Plaintiff felt physically intimidated tied in chains by the presence of Defendant, "WIGGINS", & **F.T SICILIA INC.** (DANNY) individual capacity DID NOT HAVE the right to repossess the automobile. June 17th 2023 on around 8:45 PM thu 11:45 PM. TROOPER WIGGINS ALONG LISE 'DANNY SICILIA" Plaintiff retrained by hand cuffs without a U.S Marshall warrant, NO affidavit, and no other two inhabitants to support WIGGINS. SHE HARRIS could not stop the towing. Patricia never at any point consented to the towing of her automobile.

She Never requested that 'WIGGINS' assist her with any automobile towing

---

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

20. **None of the WIGGINS TYLE, F.T SICILIA INC. (DANNY) individual capacity DID NOT HAVE the right to repossess the automobile Defendants afforded Plaintiff an opportunity to be heard prior to the Repossession of the vehicle.**

21. The seizure of Plaintiff's vehicle was unreasonable.

22. Defendant, WIGGINS TYLE, **F.T SICILIA INC.** (DANNY) individual capacity DID NOT HAVE the right to repossess the automobile succeeded in taking Plaintiff's vehicle in the presence of, and Without two inhabitants the active cooperation of Defendant Wayne Ivy Deputies.

23. As a proximate result of WIGGINS TYLE, **F.T SICILIA INC.** (DANNY) individual capacity DID NOT HAVE the right to repossess the automobile Defendants' actions, Plaintiff has been deprived of his vehicle, has incurred expenses for alternate transportation, and has suffered extreme embarrassment, shame, anxiety, and mental distress.

## First Claim

42 U.S.C. § 1983--Against All Defendants. "DANNY"and WIGGNS'
**860 Camp Road Sharpes Florida 32959**
. Against All Defendants. "DANNY"and WIGGNS' 860 Camp Road Sharpes Florida 32959
 c/o WAYNE IVEY, KELLY HAMAN, GEORGE FAYSON, RICHARD ZIMMERMAN, ROBERT WAGNER, JR., FREDDY CEDENO, ALLISON BLAZEWICZ, DEBORA NADEAU, AYANNA ROBINSON, YOLANDA JONES and ARMOR CORRECTIONAL HEALTH SERVICES INC. Phil Archer Brevard County State Attorney2725 Judge Fran Jamieson Way Melbourne, Florida, 32940; Phone: 321-617 7510: Fax: 321-617-7542 at all times relevant to this action were acting under color of state law.

24. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

25. Against All Defendants. "DANNY" and WIGGNS" 860 Camp Road Sharpes Florida 32959
 c/o WAYNE IVEY, KELLY HAMAN, GEORGE FAYSON, RICHARD ZIMMERMAN, ROBERT WAGNER, JR., FREDDY CEDENO, ALLISON BLAZEWICZ, DEBORA NADEAU, AYANNA ROBINSON, YOLANDA JONES and ARMOR CORRECTIONAL HEALTH SERVICES INC. Phil Archer Brevard County State Attorney2725 Judge Fran Jamieson Way Melbourne, Florida, 32940; Phone: 321-617 7510: Fax: 321-617-7542 at all times relevant to this action were acting under color of state law.

26. . Against All Defendants. "DANNY" and WIGGNS' 860 Camp Road Sharpes Florida 32959
 c/o WAYNE IVEY, KELLY HAMAN, GEORGE FAYSON, RICHARD ZIMMERMAN, ROBERT WAGNER, JR., FREDDY CEDENO, ALLISON BLAZEWICZ, DEBORA NADEAU, AYANNA ROBINSON, YOLANDA JONES and ARMOR CORRECTIONAL HEALTH SERVICES INC. Phil Archer Brevard County State Attorney2725 Judge Fran Jamieson Way Melbourne, Florida, 32940; Phone: 321-617 7510: Fax: 321-617-7542 at all times relevant to this action were acting under color of state law, and Deputy unlawfully deprived Plaintiff Secured Creditor
of his property without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States.

27. . Against All Defendants. "DANNY" and WIGGNS' 860 Camp Road Sharpes Florida 32959
 c/o WAYNE IVEY, KELLY HAMAN, GEORGE FAYSON, RICHARD ZIMMERMAN, ROBERT WAGNER, JR., FREDDY CEDENO, ALLISON BLAZEWICZ, DEBORA NADEAU, AYANNA ROBINSON, YOLANDA JONES and ARMOR CORRECTIONAL HEALTH SERVICES INC. Phil Archer Brevard County State Attorney2725 Judge Fran Jamieson Way Melbourne, Florida, 32940; Phone: 321-617 7510: Fax: 321-617-7542 at all times relevant to this action were acting under color of state law. WIGGINS, and Deputy made an unreasonable and Warrantless seizure of Plaintiff's personal property in violation of the Fourth Amendment to the

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

28. At all times relevant hereto, WIGGINS Deputy acted pursuant to a policy or custom of Defendant County of assisting debtors in depriving debtors patricia-jacqueline harris© of personal property without court order and without providing an opportunity for the debtor to be heard.

29. Defendant County failed to adopt clear policies and failed to properly train its deputies as to the proper role of officers in private disputes such as repossession.

30. Defendant County's policy or custom, and its failure to adopt clear policies and failure to properly train its deputies, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

Second Claim 2 Conversion – ROGATORY .The tow truck driver "Danny created a 'BILL OF LADING WITHOUT the owners permissible purpose

## JUDGMENT RELIEF

Writing this letter of rotatory or request  donor grantor and beneficiary of the  complex trust account number TYLER WIGGINS in his official capacity as U.S Highway Trooper Smuggling /theft KIA SOL by Wiggins Tyler badge # 4961 highway patroller F.T SICILIA INC. 2064 N. Wickham Road Melbourne, Florida 32935(321) 254-1881; AHKIBRE Case Number 05-2023Cf-034954 896-27267;

### AUTOMOBLE TOW CASE # FHP23ON0317618

This Tow 'case created by 'WIGGINS" This upper  registered tow number, Now time trust account number at which you had been appointed unknown  banker, or  trustee pursuitant to title 28 section §1781 FEDERAL RULES AND CIVIL PROCEDURES 28 (B)  OF THE convention of taking evidence that a civil or commercial matters under chapter 1 article 1 that a taxable event had occurred at TYLER WIGGINS in his official capacity as U.S Highway Trooper. TYLER WIGGINS in his official capacity as U.S Highway Trooper Smuggling /theft KIA SOL by Wiggins Tyler badge # 4961 highway patroller F.T SICILIA INC. 2064 N. Wickham Road Melbourne, Florida 32935(321) 254-1881; AHKIBRE Case Number 05-2023Cf-034954 896-27267;

The officer treasury of honor noticed that a conversion to a bank account number.  On this trade receivables and payables. By the recent conversions and sales  trust xxxxxxxxx under the Miller Reassurance Agreement in favor or the UNITED STATES though standard forms (SF- GSA) 275, Performance bond 273, Payment bond 274 by the United States attorney  under Title 28 section § 2041 and section 2041 though asset commercial bank securities.

I "PATRICIA-JACQUELINE-HARRIS©:refuse to assume the tax liabilities for this conversion and transfer. My off spring also refuses the tax liabilities, and sale for this dirty down-low trickery tax liability conversion.

I am  demanding as Chancellor of Equity  that you order the District Attorney or prosecuting attorney, _____, _____the person who signed the complaint  to send me certified copies  the US informational  tax forms 1096 1099OID, tax forms 8300 for any  cash payments over $10,000 dollars. ...Any cash payments that you have debited from my commissary account over $10,000 had been recordable. 1099oid will identify who is the payer is and recipient of the funds.

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

The ISSUED 1099OID reported to Austin Texas processing center, and Washington D.C center May 2022, had been identified who the payer has been. This would identify the recipients of the funds and bonds or cash proceeds were under SFAS assessment Financial Accounting Standards (GAAP) #95 and IAS International Accounting7.6. This pertaining to the inflows and outflows of cash and cash equivalents on the balance sheet Federal Reserve form "2046".

The securitization of the off balance receivables. Securitization that TYLER WIGGINS in his official capacity as U.S Highway Trooper Smuggling /theft KIA SOL by Wiggins Tyler badge # 4961 highway patroller F.T SICILIA INC. 2064 N. Wickham Road Melbourne, Florida 32935(321) 254-1881; AHKIBRE Case Number 05-2023Cf-034954 896-27267;

 wrongfully proposed to your back office bank account is modification, and voids judgment. The transferor and Federal Reserve had already monitor trust before any . Fraud securitization from a blasphemy District attorney who signed complaint proposed is off balance financing. This is not enforceable upon Janet Yellen, or deputy secretary, nor Internal Revenue Service's Criminal Investigation Division.

On record, the financial bank clerks had to file where the funds were from

I am secured party creditor and beneficiary are the beneficiaries of fund and you and Ingram on the record, noted THE COUNTY COURT OF THE EIGHTEEN JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY failed to take action or had concealment, false conveyance of language title 18§1001,1002 action behind my back-to take action as trustee or bailer of a master account Ces de que trust ,one of many commissary account. The trade receivables, payables are the corporate res of the trust, which you and noted THE COUNTY COURT OF THE EIGHTEEN JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY, attorney general customer service office enforce to file for the trust. This identified the source of the proceeds.

The returns are filed under title 26 section 60 (a) (14), which is taxable income from the sale, or the debit of the trus.t

So said, so ordered by me Chancellor Equity, fiduciary of the accounts. This so ordered that produce the instruments within 10 to 21 business days. I have ordered the Internal revenue services an investigation at 26 § 6012 (a) (d) as taxable income, for which noted is required to is required to file a return regarding case # FL052022CC34844. Secret chambers recipients' THE COUNTY COURT OF THE EIGHTEEN JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY. of the cash flow. 26§ 6812 (a)(4) as payable income as a sale from my trust. 558 Gasparilla Ave, LLC doped and believed bucket of lies from that bank offices.

I have already filed investigation IRS against y'all, TYLER WIGGINS in his official capacity as U.S Highway Trooper Smuggling /theft KIA SOL by Wiggins Tyler badge # 4961 highway patroller F.T SICILIA INC. 2064 N. Wickham Road Melbourne, Florida 32935(321) 254-1881; AHKIBRE Case Number 05-2023Cf-034954 896-27267;

The securities of off balance sheet items, conversion of the sale receivables payables, corporate, residual proceeds of trust, bonds TYLER WIGGINS in his official capacity as U.S Highway Trooper Smuggling /theft KIA SOL by Wiggins Tyler badge # 4961 highway patroller F.T SICILIA INC. 2064 N. Wickham Road Melbourne, Florida 32935(321) 254-1881; AHKIBRE Case Number 05-2023Cf-034954 896-27267;

. This bank account number AHKIBRE Case Number 05-2023Cf-034954 896-27267 payable and trade receivables on account. Off balance sheet item Chancellor Cetui que Trust account.. Since this case involves a claim exclusively under jurisdiction maritime admiralty law, operation of law Article 1 section 2 under a judicial power of the United States Constitution Article 1 section 2.

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violation, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

## Rule 60. Relief from a Judgment or Order

**(a)** CORRECTIONS BASED ON CLERICAL MISTAKES; OVERSIGHTS AND OMISSIONS. The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

**(b)** GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

 (1) mistake, inadvertence, surprise, or excusable neglect;

 (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under <u>Rule 59(b)</u>;

 (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

My U.C.C had been attached upon.

Respectfully submitted,

Notice to Agent is Notice to Principal – Notice to Principal is Notice to Agent.

A response is required in writing within 24 hours of receipt.

Thank You,

I Am: ___TTILE 12 USC411 PAY IN LAWFUL MONEY

Patricia J. Harris, Authorized Representative

Natural Person, In Propria Persona

:Patrica J Harris©, P.J Harris©:

All Rights Reserved: U.C.C. 1-207/1-308; U.C.C.1-103

## <u>RELIEF SOUGHT</u> AHKIBRE Case Number 05-2023Cf-034954 896-27267

It has always been my legal right to take care of myself. After I turned age 25, the contract within the Social Security System relationships, contractors, tenants, sublease is over, done. My land patent belongs to me, a free woman upon land. So I have a right to have and hold life liberty and freedom to to take care of myself and automobile:

### Part 3: LEGAL BASIS

**Public Law 106-368 oct, 2000 114 Stat § 1469(2)[c][5][a][b]-coercion .**

**Public law 106-368 October 28, 2002 114 Stat 1469 § (4) Debt Bondage.**

---

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

Public Law 106-368 Oct 28, 2000

Kelly Ingram forced labor to deposit pay twice into her coffin director, not-for hire.

Public law 97 258-Sept.13,1982 stat. 918 § 1305(1306 use of credit

Public law 97 258-Sept.13,1982 state.943 § 3113 accepting gifts

Public law 97 258-Sept.13,1982 stat 980  §  5133

Public law 97 258-Sept.13,1982 945 §  3123 payment public debt

Public law 97 258-Sept.13,1982 980  §  5103 legal tender

Public law 97 258-Sept.13,1982 985  §  5118 gold clauses, consent to sue

Public law 97 258-Sept.13,1982 (d)(1) § (2) obligation 96 stat 986(b)(1) notes issued

Public law 97 258-Sept.13,1982 995 § 5312(1) Financial Agency

Public law 97 258-Sept.13,1982 995 1046 §  5312(3)(B) monetary instrument

Public law 97 258-Sept.13,1982 1046 §  9301(2) government obligation

Public law 97 258-October 28, 2000 114 stat 1467(B) involuntary servitude


Secured Creditor and: Patricia-Harris©

31. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

32. Without Plaintiff's consent, Defendants intentionally deprived Plaintiff of his rightful possession of the automobile, smuggle it, and sold it at auction on and around alonges conspired August 31, 2023.

33. At all times relevant hereto, these Defendants acted with malice, recklessness and total and deliberate disregard for the contractual and personal rights of Plaintiff.

Third Claim Violation of U.C.C.--Against Defendant Secured Creditor

34. Plaintiff hereby incorporates the preceding allegations as if fully rewritten herein.

35. Defendant Deptr manner of repossessing the vehicle was a breach of the peace in violation of [state codification of U.C.C. § 9-609].

36. Defendant Deptor actions were the proximate cause of the damages alleged by Plaintiff in the preceding paragraphs.

Prayer for Relief WHEREFORE. Plaintiff prays for the following relief:

---

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

A. On his first claim, a judgment for compensatory damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988, against all Defendants;

B. On his second claim, a judgment for compensatory and punitive damages in an amount to be determined at trial, against Defendants Secured Creditor and Patricia Harris;

C. On his third claim, a judgment for compensatory damages, with a minimum amount pursuant to [state codification of U.C.C. § 9-625] of the finance charge plus ten percent (10%) of the principal, against Defendant Secured Creditor;

D. A jury trial on all appropriate issues;

E. An award of costs and expenses against the Defendants;
F. Any and all other relief this Court may deem appropriate.

Memorandum Case 6:22-cv-00003-WWB-DCI. JON SCHOONMAKER, Plaintiff, vs. CASE NUMBER: 6:22-cv-3 DEPUTY NATHANAEL ROWELL, Individually; DEPUTY MITCHELL HANNON, Individually; SHERIFF WAYNE IVEY, in his official capacity as Sheriff of the Brevard County Sheriff's Department.

## Affidavit of truth.

Defendant, , upon information and belief, is a resident of Brevard County, Florida, and is sui juris. At all time's material, HANNON was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Brevard County Sheriff's Department. Defendant, HANNON, is sued in his individual capacity. 8. Defendant IVEY is the Sheriff of Brevard County and the constitutional officer to be sued for wrongful acts of sheriff's deputies. The Brevard County Sheriff's Department is the local government entity that employed and was their employer when the false arrest of: PATRICIA-JACQUELINE HARRIS©:

Defendant, IVEY, is sued in his official capacity only. 9. Defendant, IVEY, runs the Brevard County Sheriff's Office which is an Agency of the State of Florida which administers and operates the Brevard County Jail. 10. At all times relevant to this action, Defendant, IVEY, employed the correctional officers who worked at the Brevard County Detention Center Case: 05-2023-CF-0349-AXXX-XX; 2023. All conditions precedent to filing this suit have been satisfied, performed, not waived, or otherwise satisfied.

## ADDITIONAL BACKGROUND AT JUNE 17 ,2023.

 Let court of records show, a civil matter June 17, 2023, :patricia-harris©:  harris attended, worship services, furthermore, let the record show, with full competence, sound mind, inside Seventh-day day father's day celebration, travel from point palm bay home" A" to be a Melbourne "B" 7th day Adventist Church, travel to  point "C" Park and Recreation, to stay at Parks and Recreation picnic park slot Grand Volkeria. Had lunch a salty beef/rice, sugary soda, ice water, from a blue-white-cooler. KIA SOL lawn chairs, and blankets,  hot, hot sun- walk and talked to other witnesses in the same pleasant situation, down bye Indian River side catfish fishing area show cause civil matter.

 Let the record show that the extreme hot weather had become an incident inconvenience to her, the park held not enough shaded trees at picnic area. Inconvenience 3-point turns on a one way, dead end right of way. Finding relief under the second park spotted, under a tree,  3 point incidental revers- back. Patricia after recover of 3-point incidental re-park reversal remain in the picnic parking lot 2nd square at park Jorgensen's landing. 5045 Highway North Grant Volkeria Florida sun struck incident blurry vision and alone, extremely high blood pressure .No blood pressure test had never been offered.

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

:HARRIS©: alone inside Grand Volkeria Jorgensen's Landing park and Recreation was assaulted/ bruised, hand cuffed, thrown on two automobiles and toss in the squad car and the door was closed. See camera FOIA camera.

The reality of a living civil situation, visiting a at Parks and Recreation, Picnic Park slot Grand Volkeria. Had lunch from a blue-white, cooler, lawn chairs, and blankets, walk and talked to other witnesses in the same pleasant situation, down by Indian River catfish fishing area not comparable to the Pre-Trail Act, Charges, Recognizance, Sentencing Act, the courts, highways patroller Wiggins and Brevard county Sheriff, Judges, Deputy had no jurisdiction, no statement of lawful claims from any inhabitants.

The charges violation of the Supremacy clause, the charges were void due to vagueness, and therefore Pirate Wiggin and buccaneers Brevard county sheriff perpetrators, i no warrants, affidavits June 19ᵗʰ 2023 was a total and complete failure to charge any crimes.

Defendants' conduct violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution ("Equal Protection Clause"); 42 U.S.C. § 1983; the New York State Human Rights Law, N.Y. Executive Law § 290et seq. ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107et seq. ("NYCHRL").

## FINANCIAL JURISDICTION AND VENUE

The Florida Southern District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1331 and 1343 as this action involves federal questions regarding the deprivation of Plaintiff's rights under federal law. This Court has supplemental subject matter jurisdiction over Plaintiff's related state and local law claims pursuant to 28 U.S.C. § 1367(a).9. ; against DMV, Department of transportation, Fidelity Guaranteed Insurance Company Policies, Department of law Enforcement; all IRS Penalties; Assurance Insurance , mortmain accounts,. Me, owe that tax. State Of is FGIC; vehicles, Driver's license, fidelities, certificate, letter of credit by a signature, letter implied contracts of operation. Federal Reserve Bank is held, hold MSO Regulation Z; Mortgage- used as collaterals. State of Florida and many others had to borrow MSO automobile originals from millions of inhabitants, and other certificates from the Federal Reserve Banks. Mortmain Vessels, vessel location, time, place.

Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to this action occurred here.

Jorgensen's Landing 5045 Highway North Grant Volkeria Florida Kidnapping from HAD TAKEN PLACE June 17 2023.

Let the record show June 17ᵗʰ Pirate Wiggins conspired theft of KIA. Without the consent from Patricia, with option to opt-out one sided unilateral contract. **CCPA Section 1798.120** (b) requires that a business selling personal information to third parties provide notice to consumers "that this information may not be sold and that consumers have the 'right to opt-out' of the sale and court contracts distribution personal information."

**Rule Type;** Final Release **Number:** 34-42974IC-24543IA-1883; **SEC Issue Date.** June 22, 2000
**Effective Date**
November 13, 2000; **Federal Register Publish Date**
June 29, 2000; **Document Citation**
     65 FR 40333 RIN3235-AH90 **Resources.**   Federal Register Version
     State officials may be sued as individuals in § 1983 actions. Brokaw v. Mercer County, 235 F.3d 1000 (7th Cir. 2000). The
     State of Florida, Brevard county corporation_____ inside the United States, & outside the foreign country
     of Florida have no subject matter jurisdiction nor inside District of Columbia Corp, Northern Securities, IRS Porte Rico
     municipality, nor inside office superintendent for corporations.

---

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \**United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.**

‡ In over this action and the matters pleaded herein under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., The Treaty of Peace and Friendship; at peace title 18 USC § 11 as a : harris, patricia: foreign government title 18 USC§112;

An order at each of its officers, employees, agents, attorneys, and any persons in active concert or participation with them are restrained and enjoined from further prosecuting or instituting any action against purchasers of :patricia-jacqueline harris: manufacture certificate origin claiming that the alleged MCO Allodial patents are infringed by Department of Motor Vehicle, Department of transportation, and associate assurance companies, Department of Correction, Depository Trust Corporation and 80% of all dealerships, representing that products or automobile use their on networks operated by purchasers of those products infringe the alleged MCO Allodial patents located on an all engine type. See my protection Title 18 USC§ 112; Title 18 USC§ 878 and Title 18 USC 1839 foreign instrumentality; private property UCC 9-109.

## WRIT OF ERROR INTERNATIONAL DOCUMENT

## OBJECTIONS MISREPRESENTATION BILL OF ATTAINER.

## NOTICE OF NO ARREST WARRANT, RIGHT TO TRAVEL

## No Bill of Attainder Shall not pass- No sentencing shall Pass against Patricia Harris.

### Memorandum

Let court of records show Assaulted Patricia Harris On June 17 2023 7:30 PM and 10:00PM Highway Trooper Tyler Wiggins, and (3) Brevard County Sheriff Offices, Assaulted/battery forced finger print Patricia harris, camera footage. ; Phone number: 321-264-5201; Chief – WAYNE IVY 321-690-3400 **;**

**Smuggled and Aided and Abetted Tow TRUCK DRIVER Mr Danny Sicilias – Sicilias Inc.**

 filed records de facto and other Mis-represented instrument a bill of Attainer , IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT FOR BEVARD COURT FLORIDA 2825 Judge Fran Jamieson Way Melbourne FL 32940 : Rachel M. Sadoff Clerk of Courts 2825 Judge Fran Jamieson Way Melbourne FL 32940 c/o . L. Weslsey, Deputy Clerk 2825 Judge Fran Jamieson Way Melbourne FL 32940 c/o law suit; Wayne Ivey Kelly Hamon; George Fayson; Richard Zimmerman; Robert Wagner; Freddy Ceteno; Alison Blazewicz-Nadeo; Ayana Robertson Yolanda Jones ;Brevard County Jail 860 Camp Road Sharpes Florida 32959; Phil Archer Brevard County State Attorney 2725 Judge Fran Jamieson Way Melbourne, Florida, 32940; Phone: 321-617-7510; Fax: 321-617-7542 butcher Blaise Tretris 2725 Judge Fran Jamison Way . Building "D" Vierra Florida 32940-

Citation number AHKIBRE Case Number 05-2023Cf-034954 896-27267; AUTOMOBLE TOW CASE # FHP23ON0317618. Demand for 12 Jury Trail. Misrepresentation bill of exchange. This misrepresentation has been addressed as PATRRICA HARRIS under a color of law; within purview unconstitutional amendment number 14.
Tyler Wiggins fake investigation report. Tyler Wiggins never called any real investigator.

 Let the show that the automobile had been locked from June 17'2023 thu 19th JUNE 2023 Automobile had been locked up. No such a crash of an automobile radio had never taken place.

An incident is not an accident.

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \**United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States** . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

This which constitutes fraud in the inducement, and such instrument is held in law as unconstitutional, notwithholiding is null and void ad intio. No investigation report, AUTOMOBLE TOW CASE # FHP23ON0317618 unenforceable for lack of jurisdiction and perpetrator fraud.

⬦ See  Constitution for the United States of North America Article 1, Sectiom 9, Clauses "No Bill of Attainer Shall Pass and See:

⬦ Wherefore here ORDERED AND ADJUDICATED THAT A writ of error be and the same is here by entered against you....
THE EIGHTEENTH JUDICIAL CIRCUIT FOR BEVARD COURT FLORIDA 2825 Judge Fran Jamieson Way Melbourne FL 32940 ;  Rachel M. Sadoff Clerk of Courts 2825 Judge Fran Jamieson Way Melbourne FL 32940 c/o . L. Weslsey, Deputy Clerk 2825 Judge Fran Jamieson Way Melbourne FL 32940 c/o law suit; Wayne Ivey Kelly Hamon; George Fayson; Richard Zimmerman; Robert Wagner; Freddy Ceteno; Alison Blazewicz-Nadeo; Ayana Robertson Yolanda Jones ;Brevard County Jail 860 Camp Sharpes Florida 32959; Phil Archer Brevard County State Attorney 2725 Judge Fran Jamieson Way Melbourne, Florida, 32940; Phone: 321-617-7510: Fax: 321-617-7542 citation number AHKIBRE Case Number 05-2023Cf-034954

⬦ 896-27267; AUTOMOBLE TOW CASE # FHP23ON0317618

### MEMORANDUM OF CASE TEXT UNITED STATES
v.
THROCKMORTON.

October Term, 1878

APPEAL from the Circuit Court of the United States for the District of California.

The facts are stated in the opinion of the court.

*Mr. Walter Van Dyke* for the appellant.

*Mr. Delos Lake, contra.*

MR. JUSTICE MILLER delivered the opinion of the court.

1
In this case a bill in chancery is brought in the Circuit Court of the United States for the District of California, to use the language of the bill itself, 'by Walter Van Dyke, United States attorney for that district, on behalf of the United States,' against Throckmorton, Howard, Goold, and Haggin.

2
The object of the bill is to have a decree of the court, setting aside and declaring to be null and void a confirmation of the claim of W. A. Richardson under a Mexican grant, to certain lands, made by the board of commissioners of private land-claims in California on the twenty-seventh day of December, 1853; and the decree of the District Court of the United States, made Feb. 11, 1856, affirming the decree of the commissioners, and again confirming Richardson's claim. The general ground on which this relief is asked is that both these decrees were obtained by fraud.

3
The specific act of fraud which is mainly relief on to support the bill is, that after Richardson had filed his petition before the board of commissioners, with a statement of his claim and the documentary evidence of its validity, March 16, 1852, he became satisfied that he had no sufficient evidence of an actual grant or concession to sustain his claim, and with a view to supply this defect, he made a visit to Mexico, and obtained from Micheltorena, former political chief of California, his signature, on or about the first day of July, 1852, to a grant which was falsely and fraudulently antedated, so as to impose on the court the belief that it was made at a time when Micheltorena had power to make such grants in California; and it is alleged that in support of this simulated and false document he also procured and filed therewith the depositions of perjured witnesses.

4

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \ United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

There is much verbiage, repetition, and argumentative matter in the bill; but no allegation whatever that any of the attorneys, agents, or other officers of the government were false in their duty to it, or that they assisted or connived at the fraud, unless a single allegation on that subject, which will be hereafter considered, sufficiently makes such charge. For the present, it will be assumed that no such charge is made.

5

While the bill is elaborate in its statement of matters which are supposed to impeach the decree, and is correspondingly silent as to any thing tending to its support, there are important facts which, it cannot escape attention, could not be omitted. Among these is, that, in attempting to negative the idea that juridical possession of the land was ever delivered to Richardson by the Mexican authorities, it is incidentally admitted that at the time the transaction occurred on which his claim is founded, he was in actual possession and residing on part, if not all, of the land in controversy. So, also, it is tacitly admitted that the archives of the Mexican government, turned over to the office of the United States surveyor-general, and original documents produced by Richardson, showed an espediente which was sufficient to establish the claim, except for the want of the final concession. It is, therefore, to be taken as true that Richardson, being on the land prior to 1838, made his petition to the governor for a grant of this land, which was appropriately referred for information, and that the proper report was had that there was no objection to the grant. According to Mexican law, but two things remained to perfect the title; namely, a grant or concession by the governor, and the delivery of juridical possession. The latter has never been held by this court as indispensable to a confirmation of the grant, and least of all when the party was already in possession, which he had held for many years. It is also important to observe that the original petition was filed before the board, March 16, 1852, and its decree was rendered Dec. 27, 1853; that an appeal was taken to the District Court, where the case remained until Feb. 11, 1856, when it was affirmed; that an appeal was again taken to the Supreme Court of the United States, which was dismissed by order of the Attorney-General on the second day of April, 1857. The case was pending in litigation, therefore, more than five years before the decree became final, and more than four years after the alleged fraudulent grant by Micheltorena was filed in the case. It is also to be observed that the necessity of such a paper to the support of Richardson's claim had been made obvious to the board of commissioners, to the claimant himself, and to the attorneys representing the government, by the report of the surveyor-general, that while every thing else seemed right in his office, the important final decree of concession was not there. The attention, therefore, of all the parties and of the court must have been drawn to a close scrutiny of any proceeding to supply this important document.

6

There was also ample time to make all necessary inquiries and produce the necessary proof, if it existed, of the fraud. The allegation of the bill is that this simulated concession was filed with the board of commissioners in January, 1853, and the decree rendered on December 27, thereafter. The appeal was pending after this in the District Court over two years; and after the final decree in that court it remained under the consideration of the Attorney-General another year, when he authorized the dismissal of the appeal. The case, then, unless these officers neglected their duties, underwent the scrutiny of two judicial tribunals and of the Attorney-General of the United States, as well as of his subordinate in the State of California, and was before them for a period of five years of litigation.

7

The bill in this case is filed May 13, 1876, more than twenty years after the rendition of the decree which it seeks to annul. During that time Richardson, the claimant, and the man who is personally charged with the guilt of the fraud, has died; his heirs, who with himself were claimants in the suit, are not made parties, and the land has passed from his ownership to that of the present defendants by purchase and conveyance.

8

It is true that the defendants are charged in general terms with being purchasers with notice.

9

It is true that the United States is not bound by the Statute of Limitations, as an individual would be. And we have not recited any of the foregoing matters found in the bill as sufficient of itself to prevent relief in a case otherwise properly cognizable in equity. But we think these are good reasons why a bill which seeks under these circumstances to annul a decree thus

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \ United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

surrounded by every presumption which should give it support, shall present on its face a clear and unquestionable ground on which the jurisdiction it invokes can rest.

10

Let us inquire if this has been done.

11

There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments. There is also no question that many rights originally founded in fraud become—by lapse of time, by the difficulty of proving the fraud, and by the protection which the law throws around rights once established by formal judicial proceedings in tribunals established by law, according to the methods of the law—no longer open to inquiry in the usual and ordinary methods. Of this class are judgments and decrees of a court deciding between parties before the court and subject to its jurisdiction, in a trial which has presented the claims of the parties, and where they have received the consideration of the court.

12

There are no maxims of the law more firmly established, or of more value in the administration of justice, than the two which are designed to prevent repeated litigation between the same parties in regard to the same subject of controversy; namely, *interest rei publicae, ut sit finis litium*, and *nemo debet bis vexari pro una et eadam causa*.

13

If the court has been mistaken in the law, there is a remedy by writ of error. If the jury has been mistaken in the facts, the remedy is by motion for new trial. If there has been evidence discovered since the trial, a motion for a new trial will give appropriate relief. But all these are parts of the same proceeding, relief, is given in the same suit, and the party is not vexed by another suit for the same matter. So in a suit in chancery, on proper showing a rehearing is granted. If the injury complained of is an erroneous decision, an appeal to a higher court gives opportunity to correct the error. If new evidence is discovered after the decree has become final, a bill of review on that ground may be filed within the rules prescribed by law on that subject. Here, again, these proceedings are all part of the same suit, and the rule framed for the repose of society is not violated.

14

But there is an admitted exception to this general rule in cases where, by reason of something done by the successful party to a suit, there was in fact no adversary trial or decision of the issue in the case. Where the unsuccessful party has been prevented from exhibiting fully his case, by fraud or deception practised on him by his opponent, as by keeping him away from court, a false promise of a compromise; or where the defendant never had knowledge of the suit, being kept in ignorance by the acts of the plaintiff; or where an attorney fraudulently or without authority assumes to represent a party and connives at his defeat; or where the attorney regularly employed corruptly sells out his client's interest to the other side,—these, and similar cases which show that there has never been a real contest in the trial or hearing of the case, are reasons for which a new suit may be sustained to set aside and annul the former judgment or decree, and open the case for a new and a fair hearing. See Wells, Res Adjudicata, sect. 499: *Pearce* v. *Olney*, 20 Conn. 544; *Wierich* v. *De Zoya*, 7 Ill. 385; *Kent* v. *Ricards*, 3 Md. Ch. 392; *Smith* v. *Lowry*, 1 Johns. (N. Y.) Ch. 320; *De Louis et al.* v. *Meek et al.*, 2 Iowa. 55.

15

In all these cases, and many others which have been examined, relief has been granted, on the ground that, by some fraud practised directly upon the party seeking relief against the judgment or decree, that party has been prevented from presenting all of his case to the court.

16

On the other hand, the doctrine is equally well settled that the court will not set aside a judgment because it was founded on a fraudulent instrument, or perjured evidence, or for any matter which was actually presented and considered in the judgment assailed. Mr. Wells, in his very useful work on Res Adjudicata, says, sect. 499: 'Fraud vitiates every thing, and a judgment equally with a contract; that is, a judgment obtained directly by fraud, and not merely a judgment founded on a fraudulent instrument; for, in general, the court will not go again into the merits of an action for the purpose of detecting and annulling

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

the fraud.'. . . 'Likewise, there are few exceptions to the rule that equity will not go behind the judgment to interpose in the cause itself, but only when there was some hindrance besides the negligence of the defendant, in presenting the defence in the legal action.

There is an old case in South Carolina to the effect that fraud in obtaining a bill of sale would justify equitable interference as to the judgment obtained thereon. But I judge it stands almost or quite alone, and has no weight as a precedent.' The case he refers to is *Craufard* v. *Craufard*, 4 Desau. (S. C.) 176. See also Bigelow on Fraud, 170–172.

17

The principle and the distinction here taken was laid down as long ago as the year 1702 by the Lord Keeper in the High Court of Chancery, in the case of *Tovey* v. *Young*, Pr. Ch. 193.

18

This was a bill in chancery brought by an unsuccessful party to a suit at law, for a new trial, which was at that time a very common mode of obtaining a new trial. One of the grounds of the bill was that complainant had discovered since the trial was had that the principal witness against him was a partner in interest with the other side. The Lord Keeper said: 'New matter may in some cases be ground for relief, but it must not be what was tried before; nor, when it consists in swearing only, will I ever grant a new trial, unless it appears by deeds, or writing, or that a witness on whose testimony the verdict was given was convicted of perjury, or the jury attainted.' The case seems to have been well considered, for the decree was a confirmation of one made by the Master of the Rolls.

19

The case of *Smith* v. *Lowry (supra)* was also a bill for a new trial, on the ground that the witness on whose testimony the amount of damages was fixed was suborned by the plaintiff, and that complainant had learned since the trial that a fictitious sale of salt had been made for the purpose of enabling this witness to testify to the market price. Chancellor Kent said that complainant must have known, or he was bound to know, that the price of salt at the place of delivery would be a matter of inquiry at the trial; and he dismissed the bill for want of equity, citing the case of *Tovey* v. *Young* with approval. And he cites a number of cases to show that chancery will not interfere though new evidence has been discovered since the trial, which, if the party could have introduced it, would have changed the result.

20

In *Bateman* v. *Willoe* (1 Scho. & Lef. 201), Lord Redesdale said: 'I do not know that equity ever does interfere to grant a trial of a matter which has already been discussed in a court of law, a matter capable of being discussed there, and over which the court of law had full jurisdiction.' The rule must apply with equal force to a bill to set aside a decree in equity after it has become final, where the object is to retry a matter which was in issue in the first case and was matter of actual contest.

21

The same doctrine is asserted in *Dixon* v. *Graham*, 16 Iowa, 310; *Cottle* v. *Cole & Cole*, 20 id. 482; *Borland* v. *Thornton*, 12 Cal. 440; *Riddle et al.* v. *Baker et al.*, 13 id. 295; *Railroad Company* v. *Neal*, 1 Wood. 353.

22

But perhaps the best discussion of the whole subject is to be found in *Greene* v. *Greene* (2 Gray (Mass.), 361), where the opinion was delivered by Chief Justice Shaw. That was a bill filed by a woman against her husband for a divorce. The husband had five years before obtained a decree of divorce against her. In her bill she alleges that the former decree was obtained by fraud, collusion, and false testimony, and she prays that this may be inquired into, and the decree set aside. The court was of opinion that this allegation meant that the husband colluded or combined with other persons than complainant to obtain false testimony, or otherwise to aid him in fraudulently obtaining the decree. The Chief Justice says that the court thinks the point settled against the complainant by authority, not specifically in regard to divorce, but generally as to the conclusiveness of judgments and decrees between the same parties. He then examines the authorities, English and American, and adds:

'The maxim that fraud vitiates every proceeding must be taken, like other general maxims, to apply to cases where proof of fraud is admissible. But where the same matter has been actually tried, or so in issue that it might have been tried, it is not

---

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States .. Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

again admissible; the party is estopped to set up such fraud, because the judgment is the highest evidence, and cannot be contradicted.' It is otherwise, he says, with a stranger to the judgment. This is said in a case where the bill was brought for the purpose of impeaching the decree directly, and not where it was offered in evidence collaterally. We think these decisions establish the doctrine on which we decide the present case; namely, that the acts for which a court of equity will on account of fraud set aside or annul a judgment or decree, between the same parties, rendered by a court of competent jurisdiction, have relation to frauds, extrinsic or collateral, to the matter tried by the first court, and not to a fraud in the matter on which the decree was rendered.

23

That the mischief of retrying every case in which the judgment or decree rendered on false testimony, given by perjured witnesses, or on contracts or documents whose genuineness or validity was in issue, and which are afterwards ascertained to be forged or fraudulent, would be greater, by reason of the endless nature of the strife, than any compensation arising from doing justice in individual cases.

24

The case before us comes within this principle. The genuineness and validity of the concession from Micheltorena produced by complainant was the single question pending before the board of commissioners and the District Court for four years. It was the thing, and the only thing, that was controverted, and it was essential to the decree. To overrule the demurrer to this bill would be to retry, twenty years after the decision of these tribunals, the very matter which they tried, on the ground of fraud in the document on which the decree was made. If we can do this now, some other court may be called on twenty years hence to retry the same matter on another allegation of fraudulent combination in this suit to defeat the ends of justice; and so the number of suits would be without limit and the litigation endless about the single question of the validity of this document.

25

We have alluded to an allegation concerning the agent representing the United States before the board of commissioners.

26

The substance of it is that Howard, one of the present defendants, then the law agent of the government before the board, had, from the papers in some other suit, derived notice of the fraudulent character of the Micheltorena grant, and that he failed and neglected to inform the commissioners of the fact, or otherwise to defend the interest of the United States in the matter. If there had been a further allegation that Howard was then interested in the Richardson claim, or that Richardson had bribed him, or that from any corrupt motive he had betrayed the interest of the government, the case would have come within the rule which authorizes relief. But nothing of the kind is alleged; and the statement is a mere charge of carelessness or negligence on the part of the attorney for the government, which would not have supported a motion for a new trial in a case at law at the same term, much less a suit in chancery to set aside a decree twenty years after it had been rendered.

27

Nor is there any such clear statement of the notice which Howard had as is necessary to establish his negligence.

28

In fact, one great if not fatal defect in the bill is the absence of any declaration of the means by which the fraud has been discovered or can be now established.

29

There is another objection to the bill which, though not going to the merits, is, in our opinion, equally fatal to it in its present shape.

30

We are of opinion that, unless by virtue of an act of Congress, no one but the Attorney-General, or some one authorized to use his name, can bring a suit to set aside a patent issued by the United States, or a judgment rendered in its courts on which such a patent is founded.

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

31

That is the case before us, and we see nothing in the bill to indicate to the court that it ever received the sanction of the Attorney-General, or was brought by his direction. The allegation already cited implies that Mr. Van Dyke, the district attorney, is the complainant; but if, construing it liberally, we hold that the United States is the complainant, the statement is clear that the bill was brought by the district attorney, and not by the Attorney-General. Leaving out of consideration all mere questions of form, there arises no presumption from the act of Congress which gives the Department of Justice a general supervision over the district attorneys, that this suit was brought by his direction; for they, in the strict line of their duty, bring innumerable suits, indictments, and prosecutions, in which the United States is plaintiff, without consulting him. In the class of cases to which this belongs, however, the practice of the English and the American courts has been to require the name of the Attorney-General as indorsing the suit before it will be entertained. The reason of this is obvious; namely, that in so important a matter as impeaching the grants of the government under its seal, its highest law officer should be consulted, and should give the support of his name and authority to the suit. He should, also, have control of it in every stage, so that if at any time during its progress he should become convinced that the proceeding is not well founded, or is oppressive, he may dismiss the bill.

32

There is appended to this record, though no part of it, a bond, given by some private persons to the United States, to save it harmless of costs in regard to this suit. If it is intended by this to show that the Attorney-General authorized the suit, it fails to prove it, though the bond recites that that officer had directed the district attorney to bring the suit.

33

It is not in this way that the then Attorney-General should have placed himself on the record as responsible for such a bill. In confirmation of this view, it does not appear that he or his successors have ever given the slightest attention to the case. In the argument of it before us, no officer of the government appeared. It would be a very dangerous doctrine, one threatening the title to millions of acres of land held by patent from the government, if any man who has a grudge or a claim against his neighbor can, by indemnifying the government for costs, and furnishing the needed stimulus to a district attorney, institute a suit in chancery in the United States to declare the patent void. It is essential, therefore, to such a suit, that without special regard to form, but in some way which the court can recognize, it should appear that the Attorney-General has brought it himself, or given such order for its institution as will make him officially responsible for it, and show his control of the cause.

34

It is unnecessary at this day to say that, as a substantive matter, standing alone, the Circuit Court has no jurisdiction to interfere with or relieve against a survey which, by the allegation of the bill itself, is pending before the District Court.

35

For these reasons, we are of opinion that the decree of the Circuit Court sustaining a demurrer to the bill, and dismissing it on the merits, was right.

36

*Decree affirmed.*

**The Constitution prohibits both the federal government (in this clause) and the states (in Article I, Section 10, and Clause 1) from passing either bills of attainder or ex post facto laws. The Framers considered freedom from bills of attainder and ex post facto laws so important that these are the only two individual liberties that the original Constitution protects from both federal and state intrusion. In Philadelphia, the Constitutional Convention approved both provisions without debate. As James Madison said in The Federalist No. 44, "Bills of attainder, ex post facto laws, and laws impairing the obligation of contracts are contrary to the first principles of the social com-pact and to every principle of sound legislation."**

**In common law, bills of attainder were legislative acts that, without trial, condemned specifically designated persons or groups to death. Bills of attainder also required the "corruption of blood"; that is, they denied to the**

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` `United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

condemner's heirs the right to inherit his estate. Bills of pains and penalties, in contrast, singled out designated persons or groups for punishment less than death, such as banishment or disenfranchisement. Many states had enacted both kinds of statutes after the Revolution.

The Framers forbade bills of attainder as part of their strategy of undoing the English law of treason, and to contend with what they regarded as the most serious historical instances of legislative tyranny by state or national legislatures. Raoul Berger argues that the bill of attainder clauses protect only against legislative actions that affect the life of the individual, not his property, which was the province of bills of pains and penalties.

ᐩ **§ 2-302. Unconscionable contract or Clause.**

If the court as a matter of law finds the contractor any clause of the contract to have been unconscionable at the time it was made the court may refuse to enforce the contract, or it may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.

Every person who shall monopolize: harris, patricia©:, or attempt to monopolize: harris patricia:, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or, if any other person, $1,000,000, or by imprisonment. **Demanding chancellor of equity who demands** Florida trustee and prosecutors, insurance companies have their immunities extinguished absolute  because they totally lack subject-matter or personal jurisdiction in civil  case.
Let the record show a civil matter inside an incident of a flat. disable tire , at picnic area at Parks and Recreation picnic park slot Grand Volkeria. Had lunch from a blue, white, cooler, lawn chairs, and blankets, walk and talked to other , general public, at beach, and picnic tables across the world  who witnessed in the same pleasant situation, down bye Florida Indian River catfish fishing area.

A judge acting without subject-matter jurisdiction is acting without judicial authority. Cohens v. Virginia. 19 U.S. (6 Wheat) 264, 404, 5 L.Ed 257 (1821) The U.S. Supreme Court, in Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 1687 (1974) stated that "when a state officer acts under a state law in a manner violate of the Federal Constitution", he "comes into conflict with the superior authority of that Constitution, and he is in that case stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct JUDGE/Kathryn c. Jacobus ; D Boisvert, duputyRoCHEL M.SADOFF; **Phil Archer** Brevard County State Attorney; OR THE EIGHTEENTH JUDICIAL CIRCUIT FOR BEVARD COURT FLORIDA 2825 Judge Fran Jamieson Way Melbourne FL 32940 ;  Rachel M. Sadoff Clerk of Courts 2825 Judge Fran Jamieson Way Melbourne FL 32940 c/o , **L. Weslsey, Deputy Clerk 2825 Judge Fran Jamieson Way Melbourne FL 32940 c/o law suit; Wayne Ivey Kelly Hamon; George Fayson; Richard Zimmerman; Robert Wagner; Freddy Ceteno; Alison Blazewicz-Nadeo; Ayana Robertson Yolanda Jones ;Brevard County Jail 860 Camp Road Sharpes Florida 32959; Phil Archer** Brevard County State Attorney 2725 Judge Fran Jamieson Way Melbourne, Florida, 32740; Phone: **321-617-7510**; Fax: 321-617-7542 ; pushy Blaise Tretris 2725 Judge Fran Jamison Way . Building "D" Vierra Florida 32940-
:citation number AHKIBRE Case Number 05-**2023Cf-034954 896-27267; AUTOMOBLE TOW CASE # FHP23ON0317618**and bother associates not exceeding 10 years, or by both said punishments, in the discretion of the court.

**"Lack of Federal Jurisdiction** cannot be waived or overcome by agreement of parties". Griffin v. Matthews, 310 F Supra 341, 342 (1969); and "Want of Jurisdiction may not be cured by consent of parties". Industrial Addition Association v. C.I.R., 323 US 310, 313. Whereas, In light of the foregoing Jurisprudence 'Stare Decisis' and 'Res Judicata' affirmed and declared by the Supreme Court Decisions; by Facts, and by Law; and counter to the negative and 'colorable' social and political conditions instituted by corporate State Persons of the Union States Society, there exists a blatant 'WANT OF JURISDICTION' on the part of the Union States Rights Republic (U.S.A.), and by its agents, personnel, contractors, and assigns.

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

Maxims and Axioms are lawfully, legally in force under National and International Law attending to these issues. And this Affiant (Natural Being – In Propria Persona) does not abandon any of my Estate Rights; do not waive any Substantive Rights; does not transfer 'Power of Attorney' to any foreigner; and does not willingly consent to any public trial or ministerial hearing in any 'colorable' tribunal venue or involvement with any non–Article III, unconstitutional jurisdiction. The Official Oaths and Bonds; the Obligations; and the Fiduciary duties of all accusers and proof–bound 'claimants' to National Constitution and Treaty Law and Order; the Civilization Principles fixed in Constitution Law, still stands! Definition and Truth still Rules.

<u>NON–COMPLIANCE</u> is a Federal Law violation and International Law offence and Trespass. Whereas, there is no question that a 'Bench Appearance Summons', a Detention, an Arrest and a Ticket or Citation, issued by a Police [Officer] or by others, against the people, for traveling with no driver's license, foreign driver's license, not having current registration, or mandatory insurance, etc., which carries a fine or jail time, is a penalty or sanction and is indeed "converting a right into a crime"; thus violating Substantive Rights. It is reasonable to assume that these Supreme Court judicial decisions are straight and to the point, that there is no lawful method for government to put restrictions or limitations on Rights belonging to the People.

- Mail fraud Title 18 section 1441
- Title 18 Deprivation of Rights under color section 242
- No law, no facts can be tried in court
- 3+ 3 = 6 and closure The higher court forgave the lower courts for doing nothing. UCC1–308.
- 18 Title 641–644 1934
- 641, 642, 643 Penalties under law relating to vessel;
- Refunding of Penalties under laws relating vessels or seawomen
- 15 Title 78f false and Misleading statements title 15 chapter 2B 79f
- Attempt and conspiracy 18 title 1349
- 18 title 1350 Failure IRS input operations of corporate offices certify reports
- Land title pan tents, national bank robbery of living souls, assets and credit, bank fraud
- Statement of entries 18 title 1001, 1002
- CASES Abbott Labs. v. Gardner, 387 U.S. 136 (1967) 17, 19, 21 Bowen v. Michigan Academy of Family Physicians, 476 U.S. 667 (1986) 17 Chevron U.S.A., Inc. v. Natural Resources Def. Council, Inc., 467

   Beginning with Chief Justice John Mar–shall, however, the Supreme Court has insisted that "a Bill of Attainder may affect the life of an individual, or may confiscate his property, or may do both," Fletcher v. Peck (1810), and that "[t]he term 'bill of attainder' in the National Constitution is generically, and embraces bills of both classes," Drehman v. Stifle (1869).

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States = :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

Marshall and his successors saw the Bill of Attainder Clause as an element of the separation of powers. As the decisions of the Court in Mar-bury v. Madison (1803) and United States v. Klein (1871) made clear, only a court can hold a trial, evaluate the evidence, and determine the merits of the claim or accusation. The Constitution for-bade Congress from "exercise[ing] the power and office of judge." Cummings v. Missouri (1867). In United States v. Brown (1965), the Court specifically rejected a "narrow historical approach" to the clauses and characterized the Framers' purpose as to prohibit "legislative punishment, of any form or severity, of specifically designated persons or groups." In Ex parte Garland (1867), for example, the Supreme Court struck down under the Attainder Clause a congressional statute directed against former Confederates that barred persons from practicing law before United States courts who had, among other things, merely given "encouragement" to rebels.

Bills of attainder can also operate conditionally, that is, the punishment may not only be for past acts, but it also may be triggered whenever the person engages in any future prohibited acts. Test oaths can be a type of attainder, and exclusion from employment can be a form of punishment. A Missouri test oath required one to affirm, among other things, that one had never indicated "disaffection to the government of the United States in its contest with the Rebellion." Those who failed to take the oath were prohibited from practicing the otherwise lawful occupation of clergyman. The Court found to oath to be a bill of attainder. Cummings v. Missouri (1867). In other instances, however, the Court has found a test oath "merely provides standards of qualification and eligibility for employment." Garner v. Board of Public Works of City of Los Angeles (1951).

After World War II, the Supreme Court dealt with laws limiting the activities of members of the Communist Party. The Court struck as violate of the Bill of Attainder Clause an appropriation act that barred payment of salaries to certain named individuals who were thought to be subversive. United States v. Lovett (1946). In Communist Party of the United States v. Subversive Activities Control Board (1961), a divided Court upheld the application of the Subversive Activities Control Act of 1950, which required the Communist Party and its officers to register with the Attorney General. The Court stated that the law did not restrict a class of individuals. Rather, it only regulated "designated activities." But in United States v. Brown, the Court invalidated a law that prohibited Communist Party members from serving as leaders of labor organizations.

Nonetheless, even with an expansive definition, the Bill of Attainder Clause provides only limited protection against retroactive civil legislation. The modern Court rarely invokes the clause's protection; it has not invalidated legislation on bill-of-attainder grounds since Brown in 1965. Moreover, the only laws that the Court has invalidated as bills of attainder have been bars on the employment of specific individuals or groups of individuals.

The Court has devised a three-part test to determine when a piece of legislation violates the Bill of Attainder Clause: (1) such legislation specifies the affected persons (even if not done in terms within the statute), (2) includes punishment, and (3) lacks a judicial trial. Because of the Court's relatively narrow definition of punishment, however, it rarely, if ever, invalidates legislation on this basis. For example, the Court has held that the denial of no contractual government benefits such as financial aid was not punishment, Selective Service System v. Minnesota Public Interest Research Group (1984), nor did an act requisitioning the recordings and material of President Richard M. Nixon and several of his aides constitute punishment. Nixon v. Administrator of General Services (1977).

The American people have been charged for the "privilege" of using their own credit and living in their own homes at a rate of usury often topping 500%, and have been bilked out of a completely unearned "security interests" in their own actual property by banks pretending that the British Monarch ever had the right to hold American property under real estate titles and foreign made-up-out-ofthin-air property descriptions in the first place. Everyone now

---

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. `\United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

has cause to know that all of this fraud was based on purposeful semantic deceit, based on a practice of determined lack of disclosure which the perpetrators themselves describe as a "cloak of secrecy" serving to disguise their own heinous crimes and Breach of Trust which the abject cowards aimed against American babies in their cradles.

The days of reckoning have finally come. Every American born on the land and soil of this county is owed the return and control of all their property — their assets, their credit, their profits — and the vast majority will claim their Reversionary Trust Interest when this situation is properly disclosed and the bureaucratic means to exercise their remedies are made available. Meantime those of us who have by dint of our own study and action overcome the maze of obfuscation surrounding the facts and who have used International and Commercial Law to process our own claims and to recoup our own Good Names and estates, both public and private, are owed immediate ownership and control of our property, immediate payment of all validated debts we accept, and an end to any foreign presumptions — legal or otherwise, about our political status and standing.

We have a dedicated Fiduciary and a competent Head of State with a natural ownership claim to the Great Seals which bind the Delegated Authorities and he exercises his lawful sovereignty in behalf of this country now and forevermore proclaiming again — lest it bear repeating— that any and all Americans born on this land and soil are sovereigns in their own right, guaranteed by his inheritance of the Norman Conquest and his Right of Authorship to the Magna Carta and his independent Coat of Arms which holds both pride and preeminence over Gaul, and the Midlands of Central England including the Ancient Kingdom of Powys, and also holding the sovereignty owed to this country in Good Faith and Service in international jurisdiction as guaranteed by the King of Spain in 1778 in perpetuity. Our States are now in Session and our people are assembling. We call forth a New Era and a new understanding of Public Duty.

The guile and lies and omissions which these self-interested gluttons and their Masters have perpetuated under a "cloak of secrecy" have come to light. Their criminal failure to provide access to remedies which must be offered in good faith or else be counted as crimes, their misadministration of their delegated offices, and their ruination of those to whom they owe not only credit but assets and remedy, all stands clear on the public records which they used to implement their Plot, but which now serve as evidence of fraud and crime against millions of Americans from every State of the Union. The members of the U.S. Congress owe the people of this country all the published remedies and the means to access those remedies. This includes an agreeable and recognized process for Americans to exercise their Reversionary Trust Interests and an equally open and transparent system and means to exercise all the exemptions, credit swaps, and redemptions of property assets and intellectual property, and payment of debts owed to this country and its people. And these priority obligations are owed no less by any and all Trustees holding the bankrupt "Federal" corporations in receivership.

We, the living people of this country acting as members of our own General Public, operating our own sovereignty, and exercising our guaranteed right to self-govern, first asserted our standing in 1776 and we have operated our General Post Office in Philadelphia, Pennsylvania, and established our seat of government there ever since, as evidenced by our signatures on the Postal Treaty of the Americas issued in 2010.

We, the living Americans and our lawful American Government exercised our reply and reclaimed our Reversionary Trust Interest in 1998 so as to clear up any misunderstandings regarding who we are and the capacity in which we operate and asserting, without objection, our ultimate ownership of all our property assets and all credit derived from our assets and all institutions, trusts, facilities, and powers that have reverted back to the Delegators of the American Federal Republic by

---

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. `\United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States .. Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

Operation of Law. We re-issued and recorded our Sovereign Letters Patent in 2015 in Public Reaffirmation of our ownership claims, identity, and standing under

*"Where rights secured by the Constitution are involved, there can be no rule making which would abrogate them."*

*Miranda v. Arizona* 284 U.S.

*"The claim and exercise of a constitutional right cannot be converted into a crime."*

*Miller v. U.S.,* 230 F 2d 486, 489

*"For a crime to exist there must be an injured party.*

*There can be no sanction or penalty imposed upon one because of his exercise of his constitutional rights."*

*Sherar v. Cullen,* 486 F. 945.

happiness and safety. It includes the right, in so doing, to use the ordinary and usual conveyances of the day, and under the existing modes of travel, includes the right to drive a horse drawn carriage or wagon thereon or to operate an automobile thereon, for the usual and ordinary purpose of life and business." – Thompson vs. Smith, supra.; Teche Lines vs. Danforth, Miss., 12 S.2d 784 "... the right of the citizen to drive on a public street with freedom from police interference... is a fundamental constitutional right" –White, 97 Cal.App.3d.141, 158 Cal.Rptr. 562, 566-67 (1979) "citizens have a right to drive upon the public streets of the District of Columbia or any other city absent a constitutionally sound reason for limiting their access." Caneisha Mills v. D.C. 2009 "The use of the automobile as a necessary adjunct to the earning of a livelihood in modern life requires us in the interest of realism to conclude that the RIGHT to use an automobile on the public highways partakes of the nature of a liberty within the meaning of the Constitutional guarantees. . ."

Thompson smith, 154 SE 579, 11 American Jurisprudence, Constitutional Law, section 329,

page 1135 "The right of the Citizen to travel upon the public highways and to transport his

property thereon, in the ordinary course of life and business, is a common right which he has

under the right to enjoy life and liberty, to acquire and possess property, and to pursue

happiness and safety. It includes the right, in so doing, to use the ordinary and usual

conveyances of the day, and under the existing modes of travel, includes the right to drive a

horse drawn carriage or wagon thereon or to operate an automobile thereon, for the usual and

ordinary purpose of life and business." –

Thompson vs. Smith, supra.; Teche Lines vs. Danforth, Miss., 12 S.2d 784 "... the right of the

citizen to drive on a public street with freedom from police interference... is a fundamental

constitutional right" –White, 97 Cal.App.3d.141, 158 Cal.Rptr. 562, 566-67 (1979) "citizens

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

have a right to drive upon the public streets of the District of Columbia or any other city absent a constitutionally sound reason for limiting their access."

Caneisha Mills v. D.C. 2009 "The use of the automobile as a necessary adjunct to the earning of a livelihood in modern life requires us in the interest of realism to conclude that the RIGHT to use an automobile on the public highways partakes of the nature of a liberty within the meaning of the Constitutional guarantees..."

Berberian v. Lussier (1958) 139 A2d 869, 872, See also: Schecter v. Killingsworth, 380 P.2d 136, 140; 93 Ariz. 273 (1963). "The right to operate a motor vehicle [an automobile] upon the public streets and highways is not a mere privilege. It is a right of liberty, the enjoyment of which is protected by the guarantees of the federal and state constitutions."

Adams v. City of Pocatello, 416 P.2d 46, 48; 91 Idaho 99 (1966). "A traveler has an equal right to employ an automobile as a means of transportation and to occupy the public highways with other vehicles in common use."

Campbell v. Walker, 78 Atl. 601, 603, 2 Boyce (Del.) 41. "The owner of an automobile has the same right as the owner of other vehicles to use the highway,* * * A traveler on foot has the same right to the use of the public highways as an automobile or any other vehicle."

Simeone v. Lindsay, 65 Atl. 778, 779; Hannigan v. Wright, 63 Atl. 234, 236. "The RIGHT of the citizen to DRIVE on the public street with freedom from police interference, unless he is engaged in suspicious conduct associated in some manner with criminality is a FUNDAMENTAL CONSTITUTIONAL RIGHT which must be protected by the courts."

People v. Horton 14 Cal. App. 3rd 667 (1971) "The right to make use of an automobile as a vehicle of travel long the highways of the state, is no longer an open question. The owners thereof have the same rights in the roads and streets as the drivers of horses or those riding a bicycle or traveling in some other vehicle."

House v. Cramer, 112 N.W. 3; 134 Iowa 374; Farnsworth v. Tampa Electric Co. 57 So. 233,

---

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

237, 62 Fla. 166. "The automobile may be used with safety to others users of the highway, and in its proper use upon the highways there is an equal right with the users of other vehicles properly upon the highways. The law recognizes such right of use upon general principles. Brinkman v Pacholike, 84 N.E. 762, 764, 41 Ind. App. 662, 666. "The law does not denounce motor carriages, as such, on public ways. They have an equal right with other vehicles in common use to occupy the streets and roads. It is improper to say that the driver of the horse has rights in the roads superior to the driver of the automobile. Both have the right to use the easement."

Indiana Springs Co. v. Brown, 165 Ind. 465, 468. U.S. Supreme Court says

No License

Necessary To Drive Automobile On Public Highways/Streets No License Is Necessary Copy and Share Freely YHVH.name 2 2 "A highway is a public way open and free to any one who has occasion to pass along it on foot or with any kind of vehicle." Schlesinger v. City of Atlanta, 129 S.E. 861, 867, 161 Ga. 148, 159;

Holland v. Shackelford, 137 S.E. 2d 298, 304, 220 Ga. 104; Stavola v. Palmer, 73 A.2d 831, 838, 136 Conn. 670 "There can be no question of the right of automobile owners to occupy and use the public streets of cities, or highways in the rural districts." Liebrecht v. Crandall, 126 N.W. 69, 110 Minn. 454, 456 "The word 'automobile' connotes a pleasure vehicle designed for the transportation of persons on highways."

–American Mutual Liability Ins. Co., vs. Chaput, 60 A.2d 118, 120; 95 NH 200 Motor Vehicle:

18 USC Part 1 Chapter 2 section 31 definitions: "(6) Motor vehicle. – The term "motor vehicle" means every description of carriage or other contrivance propelled or drawn by mechanical power and used for commercial purposes on the highways..." 10) The term "used for commercial purposes" means the carriage of persons or property for any fare, fee, rate, charge or other consideration, or directly or indirectly in connection with any business, or other

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

undertaking intended for profit. "A motor vehicle or automobile for hire is a motor vehicle,

other than an automobile stage, used for the transportation of persons for which remuneration

is received."

-International Motor Transit Co. vs. Seattle, 251 P. 120 The term 'motor vehicle' is different

and broader than the word 'automobile.'"

-City of Dayton vs. DeBrosse, 23 NE.2d 647, 650; 62 Ohio App. 232 "Thus self-driven

vehicles are classified according to the use to which they are put rather than according to the

means by which they are propelled" – Ex Parte Hoffert, 148 NW 20 "

The Supreme Court, in Arthur v. Morgan, 112 U.S. 495, 5 S.Ct. 241, 28 L.Ed. 825, held that

carriages were properly classified as household effects, and we see no reason that automobiles

should not be similarly disposed of."

Hillhouse v United States, 152 F. 163, 164 (2nd Cir. 1907). "...a citizen has the right to travel

upon the public highways and to transport his property thereon..." State vs. Johnson, 243 P.

1073; Cummins vs. Homes, 155 P. 171; Packard vs. Banton, 44 S.Ct. 256; Hadfield vs.

Lundin, 98 Wash 516, Willis vs. Buck, 263 P. l 1982;

Barney vs. Board of Railroad Commissioners, 17 P.2d 82 "The use of the highways for the

purpose of travel and transportation is not a mere privilege, but a common and fundamental

Right of which the public and the individual cannot be rightfully deprived."

Chicago Motor Coach vs. Chicago, 169 NE 22; Ligare vs. Chicago, 28 NE 934; Boon vs.

Clark, 214 SSW 607; 25 Am.Jur. (1st) Highways Sect.163 "the right of the Citizen to travel

upon the highway and to transport his property thereon in the ordinary course of life and

business... is the usual and ordinary right of the Citizen, a right common to all." –

Ex Parte Dickey, (Dickey vs. Davis), 85 SE 781 "Every Citizen has an unalienable RIGHT to

make use of the public highways of the state; every Citizen has full freedom to travel from

place to place in the enjoyment of life and liberty." People v. Nothaus, 147 Colo. 210. "No

---

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. `\United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States .. Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

State government entity has the power to allow or deny passage on the highways, byways, nor waterways... transporting his vehicles and personal property for either recreation or business, but by being subject only to local regulation i.e., safety, caution, traffic lights, speed limits, etc. Travel is not a privilege requiring licensing, vehicle registration, or forced insurances." Chicago Coach Co. v. City of Chicago, 337 Ill. 200, 169 N.E. 22. "Traffic infractions are not a crime." People v. Battle "Persons faced with an unconstitutional licensing law which purports to require a license as a prerequisite to exercise of right... may ignore the law and engage with impunity in exercise of such right."

Shuttlesworth v. Birmingham 394 U.S. 147 (1969). U.S. Supreme Court says No License Necessary To Drive Automobile On Public Highways/Streets No License Is Necessary Copy and Share Freely YHVH.name 3 "The word 'operator' shall not include any person who solely transports his own property and who transports no persons or property for hire or compensation."

Statutes at Large California Chapter 412 p.83 "Highways are for the use of the traveling public, and all have the right to use them in a reasonable and proper manner; the use thereof is an inalienable right of every citizen." Escobedo v. State 35 C2d 870 in 8 Cal Jur 3d p.27 "RIGHT — A legal RIGHT, a constitutional RIGHT means a RIGHT protected by the law, by the constitution, but government does not create the idea of RIGHT or original RIGHTS; it acknowledges them... " Bouvier's Law Dictionary, 1914, p. 2961. "Those who have the right to do something cannot be licensed for what they already have right to do as such license would be meaningless."

City of Chicago v Collins 51 NE 907, 910. "A license means leave to do a thing which the licensor could prevent." Blatz Brewing Co. v. Collins, 160 P.2d 37, 39; 69 Cal. A. 2d 639. "The object of a license is to confer a right or power, which does not exist without it."

Payne v. Massey (19__) 196 SW 2nd 493, 145 Tex 273. "The court makes it clear that a

---

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

license relates to qualifications to engage in profession, business, trade or calling; thus, when

merely traveling without compensation or profit, outside of business enterprise or adventure

with the corporate state, no license is required of the natural individual traveling for personal

business, pleasure and transportation."

Wingfield v. Fielder 2d Ca. 3d 213 (1972). "If [state] officials construe a vague statute

unconstitutionally, the citizen may take them at their word, and act on the assumption that the

statute is void." –

Shuttlesworth v. Birmingham 394 U.S. 147 (1969). "With regard particularly to the U.S.

Constitution, it is elementary that a Right secured or protected by that document cannot be

overthrown or impaired by any state police authority." Donnolly vs. Union Sewer Pipe Co.,

184 US 540; Lafarier vs. Grand Trunk R.R. Co., 24 A. 848; O'Neil vs. Providence Amusement

Co., 108 A. 887. "The right to travel (called the right of free ingress to other states, and egress

from them) is so fundamental that it appears in the Articles of Confederation, which governed

our society before the Constitution."

(Paul v. Virginia). "[T]he right to travel freely from State to State ... is a right broadly

assertable against private interference as well as governmental action. Like the right of

association, it is a virtually unconditional personal right, guaranteed by the Constitution to us

all." (U.S. Supreme Court,

Shapiro v. Thompson). EDGERTON, Chief Judge: "Iron curtains have no place in a free

world. ..."Undoubtedly the right of locomotion, the right to remove from one place to another

according to inclination, is an attribute of personal liberty, and the right, ordinarily, of free

transit from or through the territory of any State is a right secured by the Constitution.'

Williams v. Fears, 179 U.S. 270, 274, 21 S.Ct. 128, 45 L.Ed. 186. "Our nation has thrived on

the principle that, outside areas of plainly harmful conduct, every American is left to shape his

own life as he thinks best, do what he pleases, go where he pleases." Id., at 197.

---

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the creditor's duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \ **United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.**

Kent vs. Dulles see Vestal, Freedom of Movement, 41 Iowa L.Rev. 6, 13—14. "The validity of restrictions on the freedom of movement of particular individuals, both substantively and procedurally, is precisely the sort of matter that is the peculiar domain of the courts."

Comment, 61 Yale L.J. at page 187. "a person detained for an investigatory stop can be questioned but is "not obliged to answer, answers may not be compelled, and refusal to answer furnishes no basis for an arrest."Justice White, Hiibel "Automobiles have the right to use the highways of the State on an equal footing with other vehicles."

Cumberland Telephone. & Telegraph Co. v Yeiser 141 Kentucy 15. "Each citizen has the absolute right to choose for himself the mode of conveyance he desires, whether it be by wagon or carriage, by horse, motor or electric car, or by bicycle, or astride of a horse, subject to the sole condition that he will observe all those requirements that are known as the law of the road."

Swift v City of Topeka, 43 U.S. Supreme Court says No License Necessary To Drive Automobile On Public Highways/Streets No License Is Necessary Copy and Share Freely YHVH.name 4 Kansas 671, 674. The Supreme Court said in U.S. v Mersky (1960) 361 U.S. 431: An administrative regulation, of course, is not a "statute." A traveler on foot has the same right to use of the public highway as an automobile or any other vehicle.

Cecchi v. Lindsay, 75 Atl. 376, 377, 1 Boyce (Del.) 185. Automotive vehicles are lawful means of conveyance and have equal rights upon the streets with horses and carriages. Chicago Coach Co. v. City of Chicago, 337 Ill. 200, 205; See also: Christy v. Elliot, 216 Ill. 31; Ward v. Meredith, 202 Ill. 66; Shinkle v. McCullough, 116 Ky. 960; Butler v. Cabe, 116 Ark. 26, 28–29. ...automobiles are lawful vehicles and have equal rights on the highways with horses and carriages. Daily v. Maxwell, 133 S.W. 351, 354.

Matson v. Dawson, 178 N.W. 2d 588, 591. A farmer has the same right to the use of the highways of the state, whether on foot or in a motor vehicle, as any other citizen.

---

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

Draffin v. Massey, 92 S.E.2d 38, 42. Persons may lawfully ride in automobiles, as they may

lawfully ride on bicycles. Doherty v. Ayer, 83 N.E. 677, 197 Mass. 241, 246;

Molway v. City of Chicago, 88 N.E. 485, 486, 239 Ill. 486; Smiley v. East St. Louis Ry. Co.,

100 N.E. 157, 158. "A soldier's personal automobile is part of his 'household goods[.]'

U.S. v Bomar, C.A.5(Tex.), 8 F.3d 226, 235" 19A Words and Phrases – Permanent Edition

(West) pocket part 94. "[I]t is a jury question whether ... an automobile ... is a motor

vehicle[.]"

United States v Johnson, 718 F.2d 1317, 1324 (5th Cir. 1983). Other right to use an automobile

cases: –

EDWARDS VS. CALIFORNIA, 314 U.S. 160 –

TWINING VS NEW JERSEY, 211 U.S. 78 – WILLIAMS VS. FEARS, 179 U.S. 270, AT 274

– CRANDALL VS. NEVADA, 6 WALL. 35, AT 43–44 – THE PASSENGER CASES, 7

HOWARD 287, AT 492 – U.S. VS. GUEST, 383 U.S. 745, AT 757–758 (1966) –

GRIFFIN VS. BRECKENRIDGE, 403 U.S. 88, AT 105–106 (1971) – CALIFANO VS.

TORRES, 435 U.S. 1, AT 4, note 6 –

SHAPIRO VS. THOMPSON, 394 U.S. 618 (1969) – CALIFANO VS. AZNAVORIAN, 439

U.S. 170, AT 176 (1978) Look the above citations up in American Jurisprudence. Some

citations may be paraphrased.

MEMORANDUM OF TEXT FACTS:

> The Unanimous Declaration of Independence published on the fourth day of July in the year 1776 and all later supporting Declarations of Independence in all other jurisdictions. We are the Principals owed all the Treaties, all the Commercial Service Contracts and the Guarantees, all the prerogatives of the Lawful Sovereigns, all the published Remedies, Exemptions, and Credit Swaps; we are also owed payment of all our validated debts; all public debts, and private debts are subject to immediate and permanent redemption through Debt Redemption Service Centers to be provided in cooperation with the Debtors (members of the U.S. and Municipal United States Congresses) their Principals, and Trustees. All banks, credit unions, and fiscal services divisions worldwide, including those of the U.S. Military and its Allies, are hereby fully informed that the long-lost inheritors of all the physical assets have arrived and in fact, never left.

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \ **United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.**

All States of the Union are present and accounted for and in Session and our Counties repopulated. This has been done with no corporate sponsorship or outside interference, by the inherent and inherited government that Mr. Lincoln described as the government of the people, for the people, and by the people. We have passed the test and require immediate satisfaction and assistance. Insomuch as you are honorable men and women true to your oaths and commissions, return the helm to the lawful civilian authority which is now vested in us and preserved for posterity by the unincorporated Federation of States:

The North United States of America. Let Court of Records and Order demand honorably acquitted Harris Patricia with her our assets must be returned to her unharmed and all remedies made available in recompense for the many days that patricia had been confined to Brevard county Detention Center Florida and so many others have toiled and lived as slaves in The Land of the Free—– which is still and always The Home of the Brave.

### Notice & Certificate of Services

:harris: patricia-j:

1681 Wichital Southeast Palm Bay FL32909US

Orlando George C Young Federal Annex Courthouse,

401 West Central Boulevard Orland Florida 3280 Clerk's office.
The Honorable Paul G. Byron
The Honorable Gregory A. Presnell
The Honorable Roy B. Dalton, Jr.
The Honorable Daniel C. Irick
The Honorable Leslie R. Hoffman
The Honorable Embry J. Kidd
The Honorable Robert M. Norway

))))

| Paul G. Rogers Federal Building and U.S. Courthouse<br>701 Clematis Street, Room 202<br>West Palm Beach, FL 33401 | |
| --- | --- |
| ↵ Internal Revenue Service's Police_IRS Chief Counsel Criminal Tax Attorneys | IMPERIAL TOW TRUCK Driver (June 17, 2023<br>Imperial Towing– call by Patricia June 17 2023 8:50 PM<br>imperialtowingbrevard.com<br>7650 Coral Dr., Melbourne, FL 32904<br>(321) 508-7908 |

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

| | |
|---|---|
| Dr. G. Edward Mallory Emergency Medicine General Emergency Medicine Rockledge Regional Medical Center. 110 Longwood Avenue, Rockledge, FL C/O Jury Trial and Subpoena 204220966 - G. EDWARD MALLORY, L.L.C. Business Address: 301 NORTH ATLANTIC AVE. COCOA BEACH, FL 32931 | PARKS AND RECREATION DIRECTOR MARY ELLEN DONNER Building "B' 2725 Judge Fran Jamison way 32940 ( (321) 633-2046 c/o June 17 2023. 2PM – 11: 59PM during late night alone in the park down Indian River catfish riverside. harris, patricia el ali bey had been assaulted/human traffic by pirate Tyler Wiggins and assaulted at 3 inhabitants who employed at Brevard County Sheriff officers. Park Jurisdiction– John Tobia Commissioner– (321) 951-1340 at park Jorgensen's landing 5045 Highway North Grant Volkeria Florida. (321) 255-4400. Historic house and public rest rooms. July 28, 2023 Civil Case Safety Matter Inspection Done |
| Office of Audit (OA) Suite 300 875 15th Street, N.W. Washington, DC 20005 ; (202) 927-5400; (202) 927-5379 William M. Paul; c/o Commissioner Chuck | Jeffrey Bullock Office Secretary Delaware Secretary of State Jeffery W. Bulock 401 Federal Street Dover, DE 19901 – The Corporation Trust Company Corporation Trust Center. 1309 Orange Street Wilmington Delaware 19801 United States |
| Brevard County Courts Tax Scheme: Tax Scheme Mail: TAX.MAIL@USDOJ.gov. Internal Revenue Service Lead Development Center Stop MS504024000 Avila Road Laguna Niguel, California 92677-3405 Fax: 877-477-9135. | Attorney General of the United States Department of Justice, 950 Pennsylvania Avenue, North West, Washington, District of Columbia 20530-0001 |
| Witness: Mark: June 17 2023  7: 49 PM (321) 795-4338 | Attorney General of the United States Department of Justice,                          950 Pennsylvania Avenue, North West, Washington, District of Columbia 20530-0001. |
| United States Secretary of State 2201 C Street, North West, Washington, District of Columbia [2030-0001] | United States Secretary of State 2201 C Street, North West, Washington, District of Columbia [20530-0001] |
| PROVOST MARSHAL GENERAL OF THE UNITED STATES ARMY 2800 Army Pentagon, Washington, DC 20310-2800 | Internal Revenue Service Whistleblower Office – ICE 1973 N. Rulon White Blvd. M/S 4110 Ogden, UT 84404 |
| L. Weslsey, Deputy Clerk 2825 Judge Fran Jamieson Way Melbourne FL 32940 | UNITED STATES MARSHALL FLORIDA REGINAL OFFICE (786) 988-8594; (772) 241-6169 |
| IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT FOR BEVARD COURT FLORIDA | Rachel M. Sadoff Clerk of Courts 2825 Judge Fran Jamieson Way Melbourne FL 32940 |

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

| | |
|---|---|
| 2825 Judge Fran Jamieson Way Melbourne FL 32940 | |
| **860 Camp Road Sharpes Florida 32959**<br><br>**c/o WAYNE IVEY, KELLY HAMAN, GEORGE FAYSON, RICHARD ZIMMERMAN, ROBERT WAGNER, JR., FREDDY CEDENO, ALLISON BLAZEWICZ, DEBORA NADEAU, AYANNA ROBINSON, YOLANDA JONES and ARMOR CORRECTIONAL HEALTH SERVICES INC.** | <u>Phil Archer</u> Brevard County State Attorney _____ 2725 Judge Fran Jamieson Way Melbourne, Florida, 32940; Phone: <u>321-617-7510</u>; Fax: 321-617-7542 |
| Smuggling /theft by Wiggins Tyler badge # 4961 highway patroller of KIA **F.T SICILIA INC.**<br>2064 N. Wickham Road Melbourne, Florida 32935<br>(321) 254-1881 | <u>Richard K. Delmar</u> BANKERS INSPECTORS Richard Delmar, Deputy Inspector General. (202) 927-5260. 1500 Pennsylvania Avenue, N.W.; Washington, D.C. 20220 |
| SOCIAL SECURITY INSPECTOR **Social Security** Administration. The Honorable Gail S. Ennis, **Inspector** General (410) 965-2905. 6401 **Security** Boulevard; Suite 300, Baltimore, MD 21235. Hotline Number: (800) 269-0271. Hearing Impaired: (866) 501-2101 | FISCAL TREASURY OMIBUSDMAN – Department of the **Treasury** Bureau of the **Fiscal** Service Attention: Auctions 3201 Pennsylvania Drive, Building E Landover, MD 20785.<br><br>Legacy Accounts and Paper Marketables. Toll-free: 844-284-2676. **Treasury** Retail Securities Services P.O. Box 9150 Minneapolis, MN 55480-9150. Government Customers |
| **Department of Transportation for profit: Department of Motor Vehicle Corporation for Profit:** Registration by Political Subdivision Prohibited Except as provided by Subsection (b), a political subdivision of this **state may not** require an owner of a motor vehicle to: register the vehicle: pay a motor vehicle registration fee: or pay an occupation tax or license fee in connection with a motor vehicle. This section does not affect the authority of a municipality to: license and regulate the use of motor vehicles for compensation within the municipal limits: and | impose a permit fee or street rental charge for the operation of each motor vehicle used to transport passengers for compensation, other than a motor vehicle operating under a registration certificate from the department or a permit from the federal Surface Transportation Board.<br><br>A fee or charge under Subsection (b) may not exceed two percent of the annual gross receipts from the vehicle.<br><br>This section does not impair the payment provisions of an agreement or franchise between a municipality and the owners or operators of motor vehicles used to transport passengers for compensation |
| 133 Semoran Blvd S Orlando FL 32807; 501 S Calhoun **Street**, Tallahassee, **Florida** 32308, United States **Florida Highway** Patrol is a Government agency which is situated in Tallahassee, **Florida**, United; 501 S Calhoun **Street**, Tallahassee, **Florida** 32308, United States **Florida Highway** Patrol is a Government agency which is situated in Tallahassee, **Florida**, United; **Florida Highway** Patrol - **Troop** E in 1011 Northwest 111th Avenue, **Florida**; 10801 Northwest 14th **Street**, Miami, **FL**. | |

## SELF- REPRESENTATION

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` `**United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.**

This document was prepared by: patricia:©, VASSALEE, in territory-Vasalee-Claiment, Principal Attorney-in-fact :harris: patricia-el bey:©, VASSALEE, in territory-Vasalee-Claiment-Beneficiary:All Rights Reserved Without Prejudice; U.C.C. 1-207 / 308, U.C.C. 1-103.

## Claim of Right and Notice of Intent

"I am a living spirit and child of God. His laws subrogate all of man's codes, regulations, codes, ordinances and statutes. I live in the truth, abundance and peace of His ways. I am ineligible for the benefits of man's system. I do not understand the complexities and deceptions of man's codes, regulations, codes, ordinances and statutes. I do not understand or consent to corporate governance and greed. God's creation is unlimited abundant and giving. His path is righteous, peaceful and all loving. His Spirit inspires and guides me to do no harm and to avoid fraud in all my contracts. This document was prepared by: Patricia-Jacqueline Harris: ©, VASSALEE, in territory-Vasalee-Claiment, Principal Attorney-in-fact: Patrong Katharine-Elisha-el bey:©, VASSALEE, in territory-Vasalee-Claiment-Beneficiary: All Rights Reserved Without Prejudice; U.C.C. 1-207 / 308, U.C.C. 1-103.

ISSUED BY: Harris: Patricia-Jacqueline Harris Jamaica Patent Treasury land.

:harris: patricia e el ali bey: At North American Treasury "Letters patent" Officer North America United States 'Treasury Office at Honor and Credit" C/o 1650 Yahner Street Palm Bay Florida (32908US.

## SELF- REPRESENTATION

This document was prepared by: patricia:©, VASSALEE, in territory-Vasalee-Claiment, Principal Attorney-in-fact :harris: patricis-el bey:©, VASSALEE, in territory-Vasalee-Claiment-Beneficiary:All Rights Reserved Without Prejudice; U.C.C. 1-207 / 308, U.C.C. 1-103. Claim of Right and Notice of Intent

"I am a living spirit and child of God. His laws subrogate all of man's codes, regulations, codes, ordinances and statutes. I live in the truth, abundance and peace of His ways. I am ineligible for the benefits of man's system. I do not understand the complexities and deceptions of  man's codes, regulations, codes, ordinances and statutes. I do not understand or consent to corporate governance and greed. God's creation is unlimited abundant and giving. His path is righteous, peaceful and all loving. His Spirit inspires and guides me to do no harm and to avoid fraud in all my contracts. This document was prepared by: Patricia-Jacqueline Harris: ©, VASSALEE, in territory-Vasalee-Claiment, Principal Attorney-in-fact: Patrong Katharine-Elisha-el bey:©, VASSALEE, in territory-Vasalee-Claiment-Beneficiary: All Rights Reserved Without Prejudice; U.C.C. 1-207 / 308, U.C.C. 1-103.

ISSUED BY: Harris: Patricia-Jacqueline Harris Jamaica Patent land Registration

# Jamaica land patent 1966-09-08.

:harris: patricia e el ali bey: At  North American Treasury "Letters patent" Officer  "Treasury Office at Honor and Credit" C/o 1650 Yahner Street Palm Bay Florida (32908US.)

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \ **United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion; Customer Assurance fund reserve (CAFR) United States ..** Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.

.

2 The consumer may have a second U.C.C. claim against the secured creditor because the consumer alleged that the credit disability insurance company should have made payments. A repossession absent a default violates U.C.C. § 9-609, and may also violate the U.C.C.'s duty of good faith and breach the creditor's fiduciary duty as a seller of insurance. See § 4.2.1, supra. The consumer may also have claims against the private defendants under the state UDAP statute or a state debt collection statute. See §§ 13.4, 13.5.2, supra. The private defendants may also have committed other torts such as trespass. See §§ 6.4, 13.6, supra. If the secured party used an independent repossession company to seize the vehicle, the consumer may also have a claim under the Fair Debt Collection Practices Act. See § 13.5.1, supra. With regard to the government defendants, the plaintiff may be able to assert a conversion claim pursuant to the state's tort claims act. However, joining too many state claims can detract from the civil rights violations, so the consumer's attorney will have to exercise judgment about how many state claims to include. ` \United States : :READ: Right of Relief; Right of Exemptions, Right of Action; Right of Discussion;  Customer Assurance fund reserve (CAFR) United States . . Attorney-in fact, self-representation. Notice to Agent, Notice tp Principal, Notice to Principal is notice to Agent.