# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PATRICIA JACQUELINE HARRIS and VICTORY RE-ENTRY WOMEN CENTER INC,**

      Plaintiffs,

v.                                          Case No: 6:23-cv-1602-PGB-RMN

**TYLER WIGGINS, F.T. SICILIA INC, PHIL ARCHER, WAYNE IVEY and BREVARD COUNTY DETENTION CENTER,**

      Defendants.
_____/

## ORDER

This cause is before the Court on Plaintiff's Motion to Reconsider in Light of *:HARRIS:PATRICIA-JACQUELINE v. U.S. CITIZEN TYLER D. WIGGIN et all & Motion Mis-Prison Refused Robert Blaise Trettis Public Defender Agency Services*. (Doc. 14 (the "**Motion for Reconsideration**")). Upon due consideration, the Motion for Reconsideration is denied.

## I. PROCEDURAL HISTORY

Plaintiff initiated this lawsuit on August 22, 2023. (Doc. 1). Shortly thereafter, on August 24, 2023, the Court issued the Initial Case Order Regarding Case Management and Deadlines, directing the parties to file a Notice of Pendency of Other Actions and a Certificate of Interested Persons within fourteen (14) days. (Doc. 4 (the "**Initial Case Order**")). On September 14, 2023, twenty-one (21)

days after the Initial Case Order, the Court issued an Order for Plaintiff to show cause as to its failure to file a Notice of Pendency of Other Actions and a Certificate of Interested Persons. (Doc. 7 (the "**Order**")).[1] The Court notified Plaintiff that failure to comply with the Order within fourteen (14) days may result in dismissal of the case without further notice. (*Id.*). Plaintiff failed to comply with the Order, and consequently, on October 5, 2023—twenty-one (21) days after the Order—the Court dismissed the case without prejudice. (Doc. 11). Ultimately, on January 12, 2024, over three (3) months after the Court dismissed the case, Plaintiff filed its Motion for Reconsideration, which is now before the Court. (Doc. 14).

## II. LEGAL STANDARD

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise under Rule 59(e) or Rule 60(b). *See* FED. R. CIV. P. 59(e), 60(b).

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per

---

[1] The Court acknowledges Plaintiff's alleged detainment that occurred on September 19, 2023, and any related challenges in responding to the Court's Orders. (Doc. 14, p. 1). Nonetheless, Plaintiff had twenty-six (26) days to comply with the Court's Order between the date of the Initial Case Order and the alleged detainment.

curiam).[2] It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. Thus, to prevail on a motion to reconsider, the movant must identify "manifest errors of law or fact" or extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).[3]

## III. DISCUSSION

Here, Plaintiff fails to articulate any basis for the Court to reverse its prior decision.[4] (*See* Doc. 14). Specifically, Plaintiff fails to identify any "manifest errors of law or fact" to support its Motion for Reconsideration of the Court's Order. (*See id.*). Further, Plaintiff fails to even reference the Court's Initial Case Order, the Order to Show Cause, or the Order dismissing the case. (*See id.*). Instead, Plaintiff

---

[2] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

[3] Reconsideration is an extraordinary remedy that will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence that was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

[4] Although *pro se* pleadings are liberally construed, courts are not required to "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

asserts various allegations related to criminal matters. (*See id.*). Ultimately, the Court will not reconsider its prior decision without adequate reason.

## IV. CONCLUSION

For these reasons, Plaintiff's Motion for Reconsideration (Doc. 14) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on January 23, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties